**Frank H. Follansbee et al. v. The Northwestern Mutual Life Ins. Co.**

1. SOLICITOR'S FEES—*In Foreclosure Suits.*—Where the mortgage provided that in case of foreclosure the mortgagors should pay an adequate and reasonable sum as solicitors' fees, "the amount thereof to be fixed by the court," and the decree, exclusive of solicitors' fees, is $40,110.24, a solicitor's fee of $1,200 is sustained.

2. SAME—*A Question of Fact.*—What is a reasonable and proper amount to be allowed as solicitors' fees in a given case, is a question of fact to be determined from the weight of evidence.

3. SAME—*Not to be Controlled by Percentage Alone.*—The amount to be allowed in foreclosure suits as solicitors' fees is not controlled by percentage alone, nor simply by the amount involved, nor by the locality, but by all the facts and circumstances in the case.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

PARTRIDGE & PARTRIDGE, attorneys for appellants.

HOYNE, O'CONNOR & HOYNE, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a proceeding by bill in chancery to foreclose a real estate mortgage. The only question presented in the brief and argument by counsel for appellants relates to the amount allowed to appellee as fees for its solicitors for their services in this case. Other questions are embraced in the assignment of errors but they must now be considered as waived.

The principal sum secured by said mortgage is $35,000. The amount found by the decree to be due from appellant Frank H. Follansbee to appellee, exclusive of solicitors' fees, is $40,110.24. The Circuit Court overruled exceptions to, and confirmed the master's report allowing $1,200 as such fees. That is a trifle less than three per cent upon

the amount found by the decree to be due as aforesaid, and a little less then three and one-half per cent upon the amount of the principal sum secured by said mortgage. The mortgage provided that in case of foreclosure the mortgagors would pay an adequate and reasonable sum as solicitors' fee, the amount thereof to be fixed by the court.

On behalf of appellee two witnesses were examined as to such fees. One of them was one of the solicitors for appellee, who testified that the usual and customary fee in Chicago for such services as were rendered by the solicitors for appellee in this case, is five per cent on the amount found due, and that there should be allowed to appellee in this case $1,200 for its solicitors' fees. The other one of appellee's witnesses, one of the leading and most experienced members of the Chicago bar, testified that the usual and customary charge in Chicago is from three per cent to five per cent, and that $1,200 to $1,500 would be a fair and adequate fee in this case.

On behalf of appellants, one of their solicitors testified fixing $350 to $500 as an adequate and fair fee in this case.

Those named are all the witnesses examined upon the question of fees. The testimony clearly sustains the master's report and the decree of the court. To have fixed any smaller sum would have been to wholly ignore the testimony and to have fixed a sum arbitrarily. Neither the master nor the trial judge would be justified in so doing where the evidence was so conclusive and of such a character as that presented in this case.

Counsel for appellants cite Heffron v. Gage, 149 Ill. 182. In that case the mortgage provided for the payment of the specified sum of $1,000 as a solicitor's fee. That amount was allowed by the decree and it was held that was not error. They also cite Telford v. Garrels, 132 Ill. 550. In that case, as stated in the opinion, " the evidence shows that the amount allowed is a reasonable fee for the services rendered."

No other cases are cited by counsel for appellants except two in Pennsylvania State Reports. But cases in other States can not control or be considered of any special weight as to

what are reasonable or customary solicitors' fees in Chicago. Facts and circumstances enter into the problem in one locality which may not in another. For instance, it costs vastly more to meet necessary expenses in some places than it does in others.

What is a reasonable and proper amount to be allowed as solicitors' fees in a given case is a question of fact to be determined from the weight of evidence. Casler v. Byers, 129 Ill. 657, 670.

In Guignon v. Union Trust Co., 156 Ill. 135, a solicitor's fee of $2,250 was approved; the amount of the mortgage foreclosed was $43,000—over five per cent.

In Casler v. Byers, 129 Ill. 670, *ante*, the mortgage was for $3,350, and the fee allowed was $500, that is, fifteen per cent.

The amount that should be allowed as fees is not controlled by percentage alone, or simply by the amount involved, or by the locality, but by all the facts and circumstances. It may be presumed that witnesses who testified as to the value of such services took all these things into account.

It is proper to take into consideration the amount involved. Town of Bruce v. Dickey, 116 Ill. 527, 542; Guignon v. Union Trust Co., *ante;* Clark v. Ellsworth, 73 N. W. Rep. 1023, 1025 (Iowa); Eggleston v. Boardman, 37 Mich. 14; Smith v. C. & N. W. Ry. Co., 60 Iowa, 515.

The court below is in a better position to determine the value of the services rendered than is this court. Farmers' Loan & Tr. Co. v. McClure, 78 Fed. Rep. 209 (U. S. Cir. Ct. of App., 8th Cir.).

The decree of the Circuit Court is affirmed.