CHARLES S. DESKY *v.* THE ORPHEUM COMPANY, LIMITED, a Hawaiian Corporation.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 17, 1901.      DECIDED OCTOBER 21, 1901.

GALBRAITH AND PERRY, JJ.

A mortgage provided for "an attorney's fee" to be paid by the mortgagor in the event of foreclosure proceedings and the amount recoverable under the mortgage was in excess of thirty thousand dollars: *Held* that the allowance of a fee of $500. to the attorneys of the mortgagee was not excessive or unreasonable.

OPINION OF THE COURT BY GALBRAITH, J.

A decree was entered by the Circuit Judge in this cause as follows:

"This cause came on for hearing on this 6th day of August, A. D. 1901, before the Honorable George D. Gear, Second

Judge of the Circuit Court of the First Judicial Circuit of the Territory of Hawaii, at Chambers, Messrs. Hatch & Silliman appearing on behalf of the said plaintiff Charles S. Desky, and Messrs. Kinney, Ballou & McClanahan appearing on behalf of the said defendant The Orpheum Company, Limited, and the court having heard the evidence adduced and being fully advised in the premises, and it appearing to the court that there is now due and owing to the plaintiff by the said defendant upon the several notes and the mortgage securing the same as set out and referred to in the plaintiff's complaint on file herein the sum of $8,449.91, and it further appearing that in default of the payment of said sum by the defendant to the plaintiff herein the plaintiff is entitled to a foreclosure of said mortgage and a sale of the premises therein described and is entitled to have the proceeds of such sale applied to the payment of said notes and the debt secured by said mortgage.

"Now Therefore It Is Ordered, Adjudged and Decreed that the said defendant The Orpheum Company, Limited, pay to the plaintiff herein the said sum of eight thousand four hundred and forty-nine dollars and ninety-one cents, together with the costs of this suit taxed at the sum of sixteen ($16.00) dollars and the sum of five hundred dollars attorney's fees, as provided for in said mortgage, and auctioneer fee of $250. and in default of the payment of said sums by the said defendant, it is ordered, adjudged and decreed that the premises described in said mortgage, and hereinbelow described, be sold at public auction by James F. Morgan on Saturday, the 24th day of August, A. D. 1901, at 12 o'clock noon to the highest bidder for cash, and out of the moneys arising from such sale the plaintiff herein shall retain the sum of Thirty Thousand Five Hundred Sixty-two and 41-100 dollars due upon said promissory notes and secured by said mortgage, together with the costs of this suit taxed at Sixteen Dollars, and Five Hundred Dollars attorney's fees, and the expense of such sale, rendering the surplus, if any, to the said defendant, The Orpheum Company, Limited, its successors or assigns. The said premises as set out in said mortgage and hereby ordered to be sold as aforesaid are described by metes and bounds. (Here follows the description by metes and bounds.)

"Said premises being subject, however, to a certain mortgage given by the said plaintiff Charles S. Desky to the Hawaiian

Evangelical Association in the sum of Fifteen Thousand Five
Hundred Dollars bearing interest at the rate of seven per cent
per annum, payable semi-annually and due and payable in five
years from the 8th day of May, A. D. 1899, and recorded in the
office of the Registrar of Conveyances for the Territory of
Hawaii on the 1st day of May, A. D. 1899, in Liber 187, on
pages 498-500.

"And it is further ordered, adjudged and decreed that the said
defendant, the Orpheum Company, Limited, from thenceforth
and for ever do stand absolutely debarred and foreclosed of and
from all right, title, interest and equity of redemption of, in and
to the said mortgaged premises."

From this decree the defendant appealed to this Court. No
transcript of the evidence is presented and the only contention
made by the defendant is that the attorney's fee of $500. allowed
the attorneys of the mortgagee is "excessive and unreasonable."
The mortgage foreclosed provided that in case of default in the
payment of the notes, therein described, the mortgagee might
proceed to foreclose the mortgage "and out of the money arising
from such sale or sales the mortgagee or his legal representatives,
shall be entitled to retain the sums thus secured by this mort-
gage, whether then due or thereafter payable, including all costs,
charges or expenses incurred or sustained by him or them by
reason of any default in the performance or observance of the
covenants and conditions of this mortgage, and an attorney's fee,
rendering the surplus, if any, to the mortgagors, its successors
and assigns." Taking into consideration the amount of property
involved and the responsibility imposed on the attorneys for the
plaintiff in the proceedings we cannot say that this allowance is
unreasonable or excessive. If this suit had been an action in
assumpsit the statutory attorney's fee would have been more
than the amount allowed by the judge in this case.

The date fixed for the sale in the decree having passed it will
be necessary for the Circuit Judge to direct sale at another time.

The decree appealed from will be affirmed except as to the
date of sale therein named, and the cause will be remanded to

the Circuit Judge for such further proceedings as may be necessary to enforce the same. It is so ordered.

*Hatch & Silliman* for plaintiff.

*Kinney, Ballou & McClanahan* for defendant.