ADELAIDE SCHLIEF and JOHN SCHLIEF, her husband
    *v.* JOSEPH CLARK, ALEXANDER LAZARUS,
    HENRY SMITH, as Guardian of NAOMI LAZARUS,
    a minor, and JOSEPH O. CARTER, as Guardian of
    MADELINE H. K. LAZARUS and ELEAZER K.
    LAZARUS, minors.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 16, 1902.    DECIDED FEBRUARY 21, 1902.

A fee allowed an auctioneer in partition proceedings is reduced on appeal as being clearly excessive.

OPINION OF THE COURT BY FREAR, C.J.

The only point presented on this appeal by the defendants from a final decree in partition proceedings is in regard to the amount of the fees allowed to the commissioner and auctioneer.

The property was sold, in six parcels at auction, and the proceeds ordered divided because a partition could not be made

without prejudice to the rights of the parties. The purchaser of one parcel was excused and the auctioneer authorized to sell that parcel at private sale at the same price. He did so, but that sale also was set aside, and the parcel was again sold at auction, this time at a higher price. The sales amounted to $29,205 in the aggregate, not including the two sales of one lot at $3,000 each, which were set aside.

The Judge allowed the commissioner $300, the auctioneer $1148, counsel $250, each of the two guardians $150, besides costs of advertising, costs of court, etc.

It is contended first that as the Judge appointed the commissioner to make the sale and the commissioner employed the auctioneer, the latter's fees should be paid by the commissioner out of his fee, and not come out of the fund. The Judge confirmed the action of the commissioner in engaging the services of the auctioneer if he did not previously authorize it, and he did in fact directly authorize the auctioneer to conduct at least one sale, the private one that was set aside. Moreover in the final order he merely authorized the commissioner to pay the auctioneer's fee. After all, it is immaterial whether the Judge allowed the fee directly to the auctioneer or combined the two fees in the commissioner's fee, leaving the latter to settle with the auctioneer. The question of importance is that of the amount.

It is contended by the appellees that the amount is not appealable as that is a matter within the discretion of the trial Judge. It is true that much allowance must be made for the discretion of the Judge. Fees in matters of this kind often depend largely as to their amount on oral statements of counsel and on the knowledge that the Judge has of the whole course of the proceedings. Still when the amount is clearly excessive this court may alter it on appeal. *Estate of Alina,* 13 Haw. 389. In our opinion the amount was clearly excessive in this instance. The commissioner's fee may be sustained as within sound discretion, but that of the auctioneer should in our opinion not exceed

$450.00. We cannot approve the practice of allowing extravagant fees out of the estates of others.

So much of the decree as allows a fee of $1148.20 to be paid to the auctioneer is set aside and the case is remanded to the Circuit Judge for further proceedings in conformity with the foregoing views.

*Andrews, Peters & Andrade* for plaintiffs.

*Russell & Watson* for defendants.

*J. A. Magoon* and *T. I. Dillon* for the Commissioner.

*Robertson & Wilder* for the Auctioneer.