### John Z. Wattson v. Joseph Jones et al.

1.  SOLICITORS' FEES—*Do Not Depend Entirely upon the Amount Involved.*—Where a mortgagor contracts to pay a reasonable sum, that is, to pay a usual and customary charge, for the services rendered, the proportion such sum may bear to the amount involved furnishes no just basis in itself, for determining what is a reasonable fee.   It is rather, what is reasonable considering the services rendered in the case of the foreclosure.

2.  FORECLOSURE—*Sufficiency of the Decree as to the Terms of Sale.*— A decree of foreclosure providing that the premises be sold at public auction, for cash, to the highest and best bidder " at the judicial salesroom of the Chicago Real Estate Board, No. 57 Dearborn street, in the City of Chicago, in the County of Cook and State of Illinois," and that the master in chancery execute the decree, that he give public notice of the time, place and terms of such sale by previously publishing the same weekly for three successive weeks, in a secular newspaper of general circulation, published in said city, the first publication to be at least twenty days prior to the day of sale, is sufficient.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in the

Wattson v. Jones.

Branch Appellate Court at March term, 1901.    Affirmed.    Opinion filed
April 18, 1902.

FREDERICK J. FADNER, attorney for appellant.

CASWELL & HARPER, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is the case of a decree of foreclosure of a trust deed
to secure the principal sum of $700, which is subject and
second to a prior trust deed given to secure $3,000.

The first error complained of is that an excessive sum
for solicitor's fee was awarded by the decree. The amount
awarded was $150. The trust deed provides for a reason-
able solicitor's fee, and evidence was heard upon the subject.

We do not approve of the form of questions asked or
answers given by witnesses who testified, but it is no more
than a fair inference that the effect of the testimony is
that from $100 to $150 was, in the opinion of the witnesses,
a reasonable and usual fee for the services rendered.

The Supreme Court has held in McMannomey v. Chi-
cago, Danville and Vincennes R. R. Co., 167 Ill. 497, that
while opinions are receivable and entitled to due weight in
fixing the amount of attorneys' fees, yet that courts are
also well qualified to form an independent judgment on
such questions, and that it is their duty to do so, and in
that case cut down the attorneys' fees from $85,000, the
amount awarded by the court below, to $50,000.

It is insisted that $150 is too large an allowance because
of the amount involved; that it is nearly one-quarter of the
principal indebtedness. The mortgagor contracted to pay
a reasonable sum, which amounts to an agreement to pay a
usual and customary charge, for the services to be rendered,
and it is quite manifest that the proportion it may bear to
the amount involved furnishes no just basis, by itself, for
determining what is a reasonable fee. It is rather, what
is reasonable considering the services rendered in a case of
foreclosure. The record shows that a receiver was ap-
pointed, two reports of the receiver were filed, and presum-
ably examined, and that a demurrer by the defendant was

interposed and overruled, in addition to the usual other proceedings in a foreclosure case, such as a reference to and taking testimony before a master, etc.

Taking into account what is held by the Supreme Court, as referred to above, we do not feel justified in saying that the report of the master and the order of the court approving his finding that $150 was a reasonable fee, under all the circumstances, is wrong or unjust.

It is next urged that there is no proof that the solicitor's fee had been paid by the appellee or that he had become liable to pay it.

The rule requiring such proof applies to the cases of damages on the dissolution of injunctions, and the like, and has no application to a foreclosure of a mortgage containing an agreement by the mortgagor to pay a solicitor's fee.

It is next urged that the decree contains an allowance for the untaxed fees of the guardian *ad litem*, while the record fails to disclose that any such person was party to the suit or entitled to fees.

There is no such error assigned on the record, nor is there anything in the decree, as abstracted, to sustain the argued, though not assigned, error.

The only remaining assigned error is the fourth, that the decree does not provide the terms of sale, and the time, place and manner thereof, as required by law. The provisions of the decree in the respects complained of are that the premises "be sold at public auction, for cash, to the highest and best bidder, at the judicial salesrooms of the Chicago Real Estate Board, No. 57 Dearborn street, in the city of Chicago, county of Cook, and State of Illinois." "It is further ordered that William F. Wiemers, a master in chancery of this court, execute this decree; that he give public notice of the time, place and terms of such sale, by previously publishing the same weekly, for three successive weeks, in a secular newspaper of general circulation, published in said city, the first publication thereof to be at least twenty days prior to the day of sale."

We think the provisions of the decree are sufficient. The decree should be affirmed and it is so ordered.