MAY B. GALWAY, Appellee, *vs.* JAMES H. GALWAY *et al.* Appellants.

*Opinion filed December 17, 1907.*

JUDGMENTS AND DECREES—*consent decree cannot be reviewed.* A decree entered in a partition proceeding by the consent of the parties, who were all of lawful age and under no legal disability, is binding, and cannot be attacked by them upon appeal or writ of error.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding.

VANSELLAR & VANSELLAR, for appellants.

H. S. TANNER, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District affirming a decree of the circuit court of Edgar county in a partition suit, in so far as it allowed the solicitor of the complainant a solicitor's fee of $2500 and apportioned it between the complainant and defendants.

The record filed in this court consists of the bill for partition filed by appellee; an answer and cross-bill filed by

appellants; a decree for partition which fixed and apportioned the appellee's solicitor's fees; a motion to modify that part of the decree fixing the solicitor's fees and apportioning the same, and an order overruling the said motion. From the record it appears that William B. Galway died testate, leaving May B. Galway, the appellee, as his widow, and leaving no child or children or the descendants of a child or children him surviving, but leaving him surviving two brothers, Joseph H. Galway and John B. Galway, as his only heirs-at-law; that the will of William B. Galway, deceased, was admitted to probate; that the appellee declined to take under the will and elected to take under the law, and filed a bill for the partition of the real estate of which William B. Galway died seized, claiming certain interests in said real estate, to which bill Joseph H. and John B. Galway, and the legatees under the will of said William B. Galway, deceased, were made defendants. The appellants filed an answer denying the appellee was entitled to the interest in said real estate claimed by her in her bill, and filed a cross-bill setting up the interests of the parties as claimed by them. On December 15, 1905, a decree was entered by the court, without appointing commissioners, upon the pleadings and the agreement of the parties, settling the rights of the parties and investing them, respectively, with the title to the real estate allotted to each of them, and fixing the solicitor's fees of the appellee's solicitor and apportioning the same between the parties; and on January 5, 1906, the appellants moved the court to vacate the portion of the decree with reference to solicitor's fees, on the ground that the bill did not correctly state the interest of the parties, which motion the court denied. The Appellate Court declined to disturb the decree of the circuit court, on the ground that the decree entered by the circuit court was a consent decree.

It appears from the recitals of the decree that the parties complainant and defendant were present by their solic-

itors in court at the time the decree was entered; that the cause was heard upon the bill of complaint, the answer and cross-bill and the agreement of the parties, and the court found that the complainant and defendants were all of legal age and competent to agree to a decree for the division and partition of said lands, and the decree then settled the rights of the parties in the lands of which William B. Galway died seized and invested them with the title to the land set off and allotted to each of them, respectively, and concluded by fixing the solicitor's fees of the appellee's solicitor and apportioning the same between the parties. While it is not stated in express language in the decree that the parties agreed to the solicitor's fees of appellee's solicitor and the apportionment thereof, we think the conclusion to be drawn from the language of the decree is, that the entire decree, including that portion of the decree which fixed the fees of appellee's solicitor and apportioned the same, was entered by consent. The parties were of lawful age, and had the right to consent, if they saw fit, to the entry of the decree in the form in which it was entered, and when entered it became binding upon them and could not be attacked by writ of error or upon appeal, as the error, if any, in entering the decree was that of the parties and not of the court. (*Krieger* v. *Krieger,* 221 Ill. 479.) In *Bonney* v. *Lamb,* 210 Ill. 95, it was said (p. 99) : "In *Armstrong* v. *Cooper,* 11 Ill. 540, on page 542, this court said: 'A decree made by consent cannot be appealed from nor can error be properly assigned upon it. Even a rehearing cannot be allowed in the suit; nor can the decree be set aside by a bill of review,'—which language was quoted with approval and the rule re-announced in *First Nat. Bank of Joliet* v. *Illinois Steel Co.* 174 Ill. 140."

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*