## ANNIE GARVIE EVANS *v.* JAMES GARVIE AND BISHOP TRUST COMPANY, LIMITED, TRUSTEE.

### No. 989.

MOTIONS FOR ALLOWANCE OF COUNSEL FEES.

ARGUED APRIL 2, 1917.                    DECIDED APRIL 5, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

TRUSTS—*expense of litigation—counsel fees*

Where conflicting interests of beneficiaries under a trust require the institution of a suit in order to determine the proper disposition of certain funds, and the litigation is for the general benefit of the parties interested in the trust, reasonable fees may be allowed to be paid to counsel for the respective parties out of the corpus of the trust estate.

*Per Curiam*: Following the rendition of the opinion in this case (*ante* p. 651) motions were filed by respective counsel for Mrs. Evans and for the guardian of the minor that they be allowed reasonable sums as counsel fees for services in the case to be paid out of the corpus of the estate.

We think the case, though it took the form of a submission without action upon agreed facts, should be regarded in the same light as if the trustee had filed a bill for instructions. The statement of facts set forth the conflicting claims of the mother and the son, and that the trustee was uncertain in respect to its duty as to what apportionment, if any, should be made of the stock dividends as between the parties. The matter of the apportionment of extraordinary dividends upon corporate stock held in trust where the accumulated earnings, upon which a dividend was based, accrued, partly before and partly after the institution of the trust, was not passed upon in *Carter* v. *Crehore*. It was an open question in this jurisdiction, and the decisions elsewhere are inharmonious. It was a ques-

tion which the trustee could properly have submitted to a court with a prayer to be instructed as to its duty. The submission of the matter to this court was, therefore, a proceeding for the benefit of the estate and in the interests of all the parties concerned.

The circumstances of this case are different from those involved in *Von Holt* v. *Williamson, ante* p. 245, where the successful party established a right to certain income by way of a resulting trust, and in which claims of counsel for. fees were disallowed. The decision in that case is consistent with the view that where litigation is in advancement of, and not in opposition to, the interests of all the beneficiaries of a trust counsel fees may be allowed to be paid out of the corpus of the trust fund. In 2 Perry on Trusts (6th ed.), Sec. 899, it is said, "The general rule, that trustees are to have their costs, applies whether they are plaintiffs or defendants; and so all persons whom it is necessary for the trustees to bring before the court as parties, in order to obtain a valid decree to protect them in the discharge of their duties in disposing of the trust fund, will be entitled to their costs." See also, as to the payment of counsel fees out of the corpus of the trust fund, *Barnard* v. *Adams,* 58 Fed. 313, 319; *Lombard* v. *Witbeck,* 173 Ill. 396, 413; *Dodge* v. *Williams,* 46 Wis. 70, 106.

Under the terms of the trust instrument involved in the case at bar Mrs. Evans is entitled to the entire net income, but she, as well as her son James, is interested in the corpus of the trust fund. That is to say, if Mrs. Evans is alive when her son attains the age of twenty-one years, the trustee is to convey and deliver one-half of the property to the son and hold the other half for Mrs. Evans absolutely. In case the son should not reach that age the mother will become entitled to the entire estate. And if the mother should die before the son reaches the age of twenty-one, the son is to take one-half and Mrs. Evans' heirs the other half

of the estate. Under the circumstances it would seem just and equitable that counsel for the respective parties should be paid their fees out of the corpus of the estate in which both of the parties are interested in the manner stated. The litigation having been for the general benefit of the trust it seems appropriate that the expenses should be paid generally out of the trust fund. We so hold.

The case was well presented by counsel, and its preparation and presentation no doubt required as much labor, thought and attention as though very large pecuniary interests were at stake. This estate, however, is not a wealthy one and the value of the shares in controversy not large. The compensation should be reasonable. All the circumstances having been considered, the respective counsel are allowed two hundred dollars each to be paid them by the trustee out of the corpus of the fund held by it.

*W. L. Stanley* and *W. B. Lymer* for the motions.

*P. R. Bartlett* for the trustee.