SOLOMON K. LALAKEA AND MOLLIE PANG LALA-
KEA *v.* LAUPAHOEHOE SUGAR COMPANY,
ET AL.

No. 2326.

ARGUED OCTOBER 4, 1940.       DECIDED NOVEMBER 18, 1940.

PETERS, J., CIRCUIT JUDGE BUCK IN PLACE OF COKE, C. J.,
ABSENT, AND CIRCUIT JUDGE LE BARON IN PLACE OF
KEMP, J., DISQUALIFIED.

*Per Curiam.* This is a motion by Lily Hewahewa, in her capacity as contingent remainderman expectant and as guardian *ad litem* of the minor respondent, Thomas Kanamu Lalakea, for taxation of costs. Lily Hewahewa prevailed herein upon her appeal to this court. (See *ante,* p. 262.) And under the provisions of R. L. H. 1935, § 3801, costs in this court are allowable to her as the prevailing party.

No objection is made to the cost bill except the single item of attorneys' fees by way of compensation for professional services rendered by the attorneys for movant as a respondent in the trial court and as appellant in this court. The respondents contend (1) that this court is without jurisdiction to allow attorneys' fees; that that power under the provisions of R. L. H. 1935, § 4756, is reposed exclusively in the circuit judge at chambers and (2) that the amount prayed ($5000) is excessive. These contentions will be discussed in the order made.

(1) This court is authorized under the provisions of R. L. H. 1935, § 4857, to appoint a guardian *ad litem* to defend the interests of any minor impleaded or interested in any suit or matter pending before it. Lily Hewahewa prosecuted an appeal to this court from the decree of the

circuit judge in this cause in a dual capacity, one of which was as the next friend of the minor respondent, Thomas Kanamu Lalakea. This court recognized her as the guardian *ad litem* of the minor in this court. (See 34 Haw. 232.) Her recognition as such guardian was tantamount to an express appointment as such. The power to appoint a guardian *ad litem* "necessarily implies the additional power to compensate the guardian *ad litem* for the services rendered by him on behalf of the minor." *Ante*, pp. 262, 297. That in the instant case the professional services rendered on behalf of the minor were not performed by the guardian *ad litem* herself but by attorneys employed by her for that purpose, does not affect the rule. It is equally applicable to the situation which obtained here.

Counsel for respondents do not contend that the movant is not entitled to reimbursement for the reasonable compensation paid (or for which she has become obligated) for the professional services rendered by her attorneys on behalf of the minor. But they insist that the power and authority to award compensation is reposed, under the provisions of R. L. H. 1935, § 4756, exclusively in the circuit judges. They argue that the word "judge" as used in the second sentence of the statute refers to circuit judges and under the familiar rule of statutory construction excludes the justices of this court.

To attribute to the word "judge" the restricted sense for which respondents contend would in our opinion defeat the purposes and objects of the section.

The theory upon which apportionment rests applies equally to costs incurred in the supreme court as in the circuit court. Similarly as to attorneys' fees and the parties against whom the same may be charged.

Moreover, by reference to statutes in *pari materia*, it becomes apparent that the word "judge" as used in the

second sentence of the statute includes the justices of this court. By section 3792 it is provided that the cost schedule included in section 3791 "shall apply to the justices of the supreme court." Prior to the amendment of 1935, section 3803 conferred the power to revise costs and fees upon "the justices of the supreme court." The amendment of 1935 substituted the words "supreme court" for the words "justices of the supreme court." Other sections in respect to costs use the word "judge" as including both judges of the circuit court and justices of this court, *viz.*, section 3794 conferring upon "judges" the power to remit costs and section 3804 requiring the "judges" of all courts to account for fees and costs.

(2) The professional services, for the performance of which a fee of $5000 is prayed, appear to include, however, not only the services rendered by the attorneys in this court on appeal but also services rendered by them in the circuit court while the cause was pending in that court prior to decree from which the appeal was prosecuted. In our opinion, the reasons assigned for the allowance by this court necessarily limit the reimbursement of the guardian *ad litem* to expenses incurred for professional services rendered in the court of her appointment, *i.e.*, the supreme court. Consequently the allowance will be confined to the reasonable value of the professional services rendered on behalf of the minor in this court.

Upon that basis the opinions of the attorneys appearing upon the motion were solicited. One of the attorneys for the movant gave it as his opinion that the reasonable value of the professional services rendered on behalf of the minor in this court by the attorneys of the guardian *ad litem* was and is the sum of $4000. Attorneys who appeared *contra* gave it as their opinion that the reasonable value of said services was and is the sum of $1000.

In our opinion said services were and are reasonably worth the sum of $3500. In reaching this conclusion we have confined ourselves to a consideration of the services rendered by the attorneys for the guardian *ad litem* in this court exclusive of any services rendered by them in the cause in the circuit court. Moreover, our conclusion is without prejudice to any claim that they may have against Lily Hewahewa or the minor respondent, Thomas Kanamu Lalakea, or both, for services rendered by them in this cause in the circuit court.

An order taxing costs conformable to the views herein expressed will be entered upon presentation.

*T. E. M. Osorio* and *Cass & Silver* for the motion.

*Hewitt & Tavares, T. M. Waddoups* and *Smith, Wild, Beebe & Cades* contra.