## IN THE MATTER OF THE TRUST ESTATE OF GEORGE H. HOLT, DECEASED.

### Nos. 3060 and 3061.

ARGUED MARCH 24, 1958.                    DECIDED JUNE 23, 1958.

*Per Curiam.* Attorneys for the parties on this appeal have filed motions for attorney's fees as follows: R. G. Dodge, attorney for trustee, $1,500; J. Harold Hughes, attorney for Lydia Holt Wright and Jane Holt Thurston, $2,500; Henry T. Hirai, attorney for Alberta Rebecca Holt, $2,500; and Samuel Landau, guardian ad litem, $2,500. The several amounts claimed are based principally on the time allegedly spent in research, preparation of briefs and argument on appeal. While time spent is an element in the determination of the amounts of fees to be allowed, we do not think that it is entitled to controlling weight. If fees are allowed on the basis of time spent, the least experienced attorneys, who require more time than their more experienced brethren of the bar in thoroughly and effectively preparing and presenting a case, will receive the largest fees. Also, where fees are allowed to be paid out of the trust estate, the size of the estate is a material consideration. (*Evans* v. *Garvie,* 23 Haw. 694) According to the affidavit of trustee's attorney, the value of the corpus of the trust estate involved in this case was $136,681.56 on December 31, 1949, and the total income of the trust for the year ending November 30, 1949, was $14,713.94. The trustee filed his petition for instruction on July 3, 1950. The circuit judge allowed attorneys' fees aggregating $4,500 for services in the court below, payable from the corpus of the estate, as follows: Heen, Kai, Dodge and Lum, attorneys for trustee, $1,000; J. Harold Hughes, attorney for Lydia Holt Wright and Jane Holt Thurston, $500; Robertson, Castle and Anthony, attorneys

for George H. Holt, Jr., et al., $500; Mirikitani and Hirai, attorneys for Alberta Rebecca Holt, $1,250; and Samuel Landau, guardian ad litem, $1,250.

Giving due consideration to all relevant factors, we allow the following fees: R. G. Dodge, $1,250; J. Harold Hughes, $1,250; Henry T. Hirai, $500; and Samuel Landau, $500, payable from the corpus of the trust estate. (*Fitchie* v. *Brown,* 19 Haw. 415; *Evans* v. *Garvie,* 23 Haw. 694; *Valentin* v. *Brunette,* 26 Haw. 498; *Estate of Mary E. Foster,* 34 Haw. 376) The fees herein allowed and the fees allowed by the circuit judge aggregate $8,000, or approximately six per cent of the value of the corpus of the estate at the time the question determined on this appeal arose. That is a substantial burden on the trust.

An examination of the files of the court below and the files of this court indicates that the attorney for the trustee and the attorney for Lydia Holt Wright and Jane Holt Thurston did a substantial amount of original work in the preparation and presentation of the appeal.

The attorney for Alberta Rebecca Holt filed an affidavit stating that he spent 106 hours on this appeal, that the major portion of the work performed in this court entailed new matter, and that the duplication of work in this court and in the court below "consisted exclusively in the use and reiteration of approximately one-third of the references and authorities proffered in the court below." The record before this court does not support his statement that the major portion of the work in this court entailed new matter and that the duplication of work consisted exclusively in the reiteration of approximately one-third of the references and authorities proffered below. He filed a brief in this court consisting of 16 pages, the first two pages of which are taken up in statement of jurisdiction, counter statement of questions involved and summary of argument and the last page is taken up in stating con-

clusion. Of the remaining 13 pages, more than 7½ pages constitute verbatim repetition of the memorandum filed in the court below. He cited 18 cases in the brief. Of these cases, only 5 are new, and 13 are cases cited in the memorandum. These 13 cases and quotations therefrom are incorporated in the same manner, word for word, in the brief and memorandum. It may also be stated that the attorney devoted his entire brief and argument in support of the decision of the circuit judge. That decision was in favor of Alberta's adoptive mother but was not entirely in favor of Alberta. The holding that the "income given to Christopher did not terminate at his death, but continues so long as the trust continues" favored both Alberta's adoptive mother and Alberta; the holding that "Christopher's interest in the income being a vested interest— an estate of inheritance—went by his will to his widow Julia" favored Alberta's adoptive mother but not Alberta. The attorney represented Alberta and not Alberta's adoptive mother. Nevertheless, he concluded in his brief that the court should affirm that portion of the decision which deprived Alberta of the share of the income previously paid to Christopher and gave it to her adoptive mother.

The guardian ad litem also filed an affidavit in which he stated that the time spent "for research, including the reading and understanding of all the cases and authorities by the Appellants in their Opening and Reply Briefs, preparation of the Brief, preparation for argument and argument in the Supreme Court, exceeded 100 hours * * *." His brief filed in this court consists of 7 pages, the first two pages of which are taken up in statement of the case and summary of argument. Of the remaining 5 pages, more than 1½ pages constitute verbatim repetition of the memorandum filed in the court below. He cited 8 cases in his brief. Of these only 1 is new. The remaining 7 cases are cases cited in the memorandum. The guardian ad litem

was appointed to represent certain named minors and "any other Respondents herein who are or may be minors in the above entitled matter." The record in the case does not show that any of the minors whom he was appointed to represent was an adopted child. But he devoted approximately one-half of his short brief to a discussion of the rights of adopted children. He states in his affidavit that "The Brief apparently lost nothing by its brevity, since the decision of this Court supported the main proposition, to wit: That Alberta was entitled, as an adopted daughter, to share in the income through Christopher." Such was not the main proposition of the guardian ad litem. His main proposition, as stated in the concluding paragraph of his brief, was that "Julia [Alberta's adoptive mother] is entitled to all the income so long as the Trust exists, and after her death, the income would go to whomever she may designate or failing that, to her legal representatives." Such also was the proposition of Alberta's attorney. Thus, the decision of this court holding that Alberta is entitled to the income previously paid to Christopher was rendered in spite of, and not because of, the positions taken on the appeal by Alberta's attorney and by the guardian ad litem.

*Robert G. Dodge* (*Heen, Kai, Dodge & Lum*) for the trustee, for the motion.

*J. Harold Hughes* for Lydia Holt Wright and Jane Holt Thurston, for the motion.

*Samuel Landau,* guardian ad litem, for the motion.

*Henry T. Hirai* (*Mirikitani & Hirai*) for Alberta Rebecca Holt, for the motion.