IN THE MATTER OF THE ESTATE OF
JAMES CAMPBELL, DECEASED.

No. 4159.

October 10, 1963.

Tsukiyama, C.J., Wirtz, Lewis, and Mizuha, JJ., and Circuit Judge King in place of Cassidy, J., Disqualified.

*Per Curiam.* The guardian ad litem, the attorneys for the trustees, and the attorneys for the income beneficiaries, have filed motions for the allowance of fees for services rendered in connection with the appeals taken from the judgment of June 29, 1959, which were the subject matter of our opinion in *Estate of Campbell,* 46 Haw. 475, 382 P.2d 920.[1]

While this court has power to allow such fees and on occasion has done so[2] we deem it the better practice that the fees be fixed by the chancellor in the court below. However, this is an exceptionally long and complicated case in which the circuit judge who heard it has retired from the bench. Hence this court's familiarity with the record and the work done in connection with the appeals will expedite disposition of the matter. Accordingly, by reason of the unusual circumstances here present, we have decided to proceed to the merits.

After careful consideration of the nature of the services rendered by the attorneys for the respective income beneficiaries and the principles enunciated by this court from time to time, summarized in Part IV of the opinion here-

---

[1] In one instance the attorney who rendered the services has withdrawn and other counsel have been substituted; the motion concerns the compensation of the attorney who rendered the services.

[2] See, for example, *Estate of Holt,* 42 Haw. 612; *Valentin* v. *Brunette,* 26 Haw. 498.

tofore filed herein, *supra,* we find no justification for charging either general income or corpus for the fees of these attorneys. Were this court to allow these fees they would have to be charged against the income of the attorneys' own clients.[3] Since no fund belonging to parties other than the particular attorneys' own clients is, under our view of the matter, subject to charge for their services, there is no occasion for the court to award the fees of the attorneys for the income beneficiaries. *Cf., Von Holt* v. *Izumo Taisha Kyo Mission,* 44 Haw. 147, 355 P.2d 40, *aff'd,* 44 Haw. 365, 355 P.2d 40, 44; *Yokochi* v. *Yoshimoto,* 44 Haw. 297, 307, 353 P.2d 820, 826. These fees therefore are governed by the general rule that each party to litigation must pay his own counsel fees. In denying the motions of the attorneys for the income beneficiaries we do so without prejudice to their right to compensation from their clients in the usual way.

This leaves for disposition the motions of the guardian ad litem and the attorneys for the trustees. It has been argued by the income beneficiaries that the fee of the guardian ad litem should be paid entirely from corpus. However, as to the fee of the trustees' attorneys it has been conceded by some of the income beneficiaries that it may be paid partly from income. The guardian ad litem, recognizing that under the opinion of this court upholding the trustees' right of appeal a fee is to be paid the trustees' attorneys, contends it should be paid entirely from income.

---

[3] The services of these attorneys almost entirely consisted in contesting the charges made against the income of their own clients, as distinguished from argument on the question whether there had been an unauthorized depletion of corpus. Exceptions to this general statement are too minor to warrant special consideration except in the case of Alice Campbell. As to the services rendered by the attorney for Alice Campbell, some portion thereof might be charged to corpus but on the other hand some portion of the services of the guardian ad litem might be charged to Alice Campbell's own income. On balance we have decided to treat all of the services of the attorneys for the several income beneficiaries the same.

As shown by the cases cited in Part IV of the opinion heretofore filed herein, *supra,* the nature of the services involved must be considered. In the case of a guardian ad litem, as in other instances, the fee does not always come from corpus.

Ordinary expenses of an accounting proceeding are to be borne by income. *In re Gartenlaub's Estate,* 185 Cal. 648, 198 Pac. 209. While the issues involved in an accounting proceeding that entails extended litigation reaching the appellate stage no doubt may be such as to cause the legal expenses in connection with the appeal to be charged entirely to corpus, the present case has procedural and other aspects which call for charging part of the expense to general income.

We deem it unnecessary to set out again the relevant factors in the fixing and allocating of fees. Upon due consideration, we allow the guardian ad litem a fee of $18,000, and the attorneys for the trustees a fee of $10,000. One-fourth of this expense, or $7,000, is to be charged to general income and the remaining $21,000 to corpus. These fees are in full for services in connection with the five appeals taken from the judgment of June 29, 1959, including all services in this court.

*Joseph V. Hodgson,* Guardian ad Litem.

*Frank D. Padgett (Robertson, Castle & Anthony)* attorneys for trustees.

*A. Peter Howell (Hogan & Howell)* attorneys for Hawaiian Trust Co. and Hugh Howell, Executors of the Estate of Kapiolani C. Field, deceased, and Liliuokalani K. Morris, income beneficiaries.

*Morris P. Skinner (Skinner, Bennett & Ornelles)* attorneys for Alice Kamokila Campbell, income beneficiary.

*Richard E. Stifel (Anderson, Wrenn & Jenks)* attorneys for Beatrice C. Wrigley, Beatrice A. King, Frederick

C. Shingle, Gilmer K. Shingle, James C. Shingle, Seymour Shingle, Muriel K. Sutherland and Louise K. Wilcox, income beneficiaries.

CONCURRING OPINION OF MIZUHA, J.

I concur with the opinion of the court, except for the allowance of a fee for the attorneys for the trustees, inasmuch as I previously held that the trustees did not have a right to appeal in this case.