NOEL ARTHUR SHARP AND MAYBELLE MAGIN SHARP *v.* HUI WAHINE, INC., A HAWAII CORPORATION, LORETTA E. HULEN, NANCY H. LUM, EUREKA B. FORBES, FRANCES M. THOMPSON, MARY K. ROBINSON, ELSIE K. CROWELL AND BLANCHE E. BENT.

Nos. 4424, 4425.

April 13, 1966.

Cassidy,* Wirtz, Lewis and Mizuha, JJ., and Circuit Judge Kitaoka Assigned by Reason of Vacancy

---

* Acting chief justice when this case was submitted.

OPINION OF THE COURT BY WIRTZ, J.

These are appeals taken from the allowance by the trial judge of attorneys' fees in a mortgage foreclosure action brought by the plaintiffs, as mortgagees, against the corporate defendant (the operator of a resort hotel), as mortgagor, and in which the individual defendants, as endorsers, were joined as parties. At the time of the foreclosure the corporate defendant was in arrears on the mortgage in the sum of $78,000 in principal and approximately $5,000 in interest, making a total of around $83,000. Both the note and the mortgage provided for reasonable attorney's fees upon default or foreclosure, with the note containing the additional limitation that such fees shall not be in excess of twenty-five per cent of the remaining unpaid balance on the note. The foreclosure was uncontested. Only the liability of the individual defendants, as endorsers, was placed in issue.

The trial judge allowed counsel for the mortgagees an attorney's fee in the sum of $11,700 to be paid out of the proceeds realized from the foreclosure sale; and this is

the subject matter of the appeal in No. 4424. The only challenge is that this fee "was not a reasonable fee, and the Court abused its discretion in making such an award."

The trial judge, after relieving the endorsers of any personal responsibility on their endorsement of the mortgage note, adjudged that they have and recover from the mortgagees the sum of $5,000 as an attorney's fee; and this is the subject matter of the appeal in No. 4425. It is challenged solely on the basis that this fee "was not contemplated and is not within the intent and meaning of Section 219-14, R.L.H. 1955." The specification of error presents nothing for review as both the findings of fact entered on December 4, 1963, and the judgment clearly show that the fee was awarded in accordance with the provisions of R.L.H. 1955, § 219-16.5, as amended. However, as will be seen this fee is related to and connected with the fee allowed counsel for the mortgagees.

The cases were consolidated for purposes of argument and, because of their inter-relationship, will be considered and disposed of as if they were cross-appeals.

R.L.H. 1955, § 219-16.5, as amended, governs the attorneys' fees. The statute limits attorney's fees on promissory notes and other written contracts providing for such fees to such sum which "shall not exceed that which is deemed reasonable by the presiding judge of the circuit courts," regardless of the fact that the provisions agreed upon may provide for a greater sum.[1]

---

[1] "§ 219-16.5. *Attorney's fees when provided for in promissory notes, etc.* Any other law to the contrary notwithstanding, where an action instituted in the district or circuit court on a promissory note or other contract in writing provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant: (a) where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, twenty-five per cent shall be allowed; (b) where the note or other contract in writing provides for a rate less than twenty-five per cent, such specified rate shall be allowed; *provided that the fee allowed* in any of the above cases shall not exceed a sum of $250 in the district courts and shall *not exceed that which is deemed reasonable by the presiding judge of the circuit courts.*" (Emphasis added.)

The statute places a duty upon the trial judge to exercise his discretion in determining the reasonableness of an attorney's fee in a case such as this where one is provided for by contract. Exercise of discretion by the trial judge will not be disturbed upon appellate review except for the abuse thereof. *Cf., Medeiros* v. *Medeiros,* 40 Haw. 386; *Ginoza* v. *Takai Elec. Co.,* 40 Haw. 691; *Pooler* v. *Stewarts' Pharmacies, Ltd.,* 42 Haw. 618. See, 5 Am. Jur. 2d, *Appeal and Error,* § 7.72 (1962). This principle is applicable to a review of the reasonableness of an allowance or award of attorneys' fees. *State* v. *Westover Co.,* 140 Cal. App. 2d 447, 295 P.2d 96. *Cf., Desky* v. *Orpheum Co.,* 13 Haw. 634, 636.

Comprehensive discussions of the numerous factors to be considered in determining a reasonable attorney's fee are to be found in Annotations in 143 A.L.R. 672 and 56 A.L.R. 2d 13. Canon 12 of the Canons of Professional Ethics adopted by the American Bar Association has set up the following guidelines to be considered in determining the real value of the services performed by an attorney so as to be able to fix the reasonable compensation for such services:

"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the

benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service."

It closes with the admonition that:

"In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade."

The Canons have been adopted as governing the conduct of the members of the Hawaii Bar by Rule 16(a) of this court. Canon 12 has been recognized as "persuasive" in *Garden* v. *Riley,* 116 W.Va. 723, 183 S.E. 46, 49.

There is a dearth of evidence in the record to justify the fees allowed by the trial judge in this case.

As to the fees for counsel for the mortgagees in the sum of $11,700, this was allocated in the following manner: (1) $1,130 for original counsel and (2) $10,570 for successor counsel. Original counsel for the mortgagees performed all the preliminary services leading up to and including the actual filing of the foreclosure proceedings. The record does not disclose the reason therefor, but prior to the actual hearing on the complaint a substitution of counsel was made by the mortgagees.

Original counsel testified as to the time and labor required and the reasonableness of his portion of the fee apparently to the satisfaction of the mortgagor, except as to that small portion thereof reflecting the services rendered on the "endorsement problem." The appeal in No. 4424 is directed principally to the reasonableness of the portion of the fee allocated to successor counsel. His accounting of the time and labor involved falls far short of justifying the actual fee awarded. We are, of course,

mindful that time and labor alone are not controlling in the matter of an attorney's fee as this would penalize ability and experience in preferment of incompetency. Successor counsel's testimony laid great stress on the elements of responsibility and the "seriousness" of the whole transaction (without explaining the relevance of "seriousness" to the amount of his fee), although these elements are more applicable to original counsel and are largely reflected in his portion of the fee.

No other evidence was offered in support of the fee for mortgagees' counsel and, in the final analysis, successor counsel based his claim for a reasonable fee on the mathematical basis of fifteen per cent of the principal due, contending that it was perforce "reasonable" as being within the limits of the twenty-five per cent expressly agreed upon and allowable under R.L.H. 1955, § 219-16.5(a), as amended. This contention nullifies the proviso in R.L.H. 1955, § 219-16.5, as amended, by reducing the discretionary process to computation by abacus. *Cf., Tropic Builders* v. *Naval Ammunition Depot,* 48 Haw. 306, 328-29, 402 P.2d 440.

No evidence was offered, by way of the testimony of fellow attorneys or otherwise, as to the customary and usual charge made by the legal profession in the community in such cases, which this court has regarded as the primary test for determining the value of attorneys' services. *Estate of Thz Fo Farm,* 37 Haw. 447, 452. Counsel for the mortgagor, however, did introduce into evidence County Bar Association fee schedules used in Oregon and Washington pertaining to mortgage foreclosure default cases and reference was made by him to the fee schedule used in the First Circuit (Hawaii) in default cases. While relevant and helpful this evidence and reference is less pertinent to the matter at issue than proper evidence showing the customary fee obtaining in

the locality where the services were performed.

Counsel for the mortgagees is charged with the burden of proof to show the reasonableness of the fee asked for and received. *Berns* v. *Harrison,* 100 Fla. 1105, 131 So. 654, 655. Counsel submitted neither evidence of the customary charges of the Bar nor any expert testimony other than their own self-serving opinions to show the reasonableness of their fees. As has been aptly stated: "* * * while the mortgagee's attorney may not be an incompetent witness, it is not a good practice to make an award [of an attorney's fee] predicated only on his opinion." 59 C.J.S., *Mortgages,* § 812(e)(2) at 1554. The evidence presented, as above indicated, failed to discharge this burden.

In passing, it should be noted that a considerable portion of the time and labor spent in preparation, as testified to by counsel for the mortgagees, was spent on the question relating to the liability of the endorsers. This is also true of the amount of time spent at the hearing as there was no issue as to the mortgage foreclosure itself and it should and could have been conducted on a purely default basis. As to the matter of the liability of the individual endorsers, counsel for the mortgagees were unsuccessful.[2] Moreover, the time and labor spent, both in preparation for and trial of this matter are hardly chargeable against the mortgagor's equity of redemption. Further, the value of the mortgaged premises, of which the mortgagees could hardly be unaware, as reflected at the public sale thereof upon foreclosure, rendered unnecessary any action taken against the individual endorsers. *Cf., Estate of Thz Fo Farm, supra,* 37 Haw. 447.

In this same connection of time and labor spent, the mortgagor contends that some of the services performed

---

[2] As to this matter, the individual defendants, as endorsers, were the successful parties, and were entitled to an award for their attorney's fee. See, R.L.H. 1955, § 219-16.5, as amended, set forth in footnote one, *supra.*

by counsel for preserving the mortgaged premises had nothing to do with the foreclosure proceedings. Involved were problems relating to fire insurance, protection of the mortgaged premises against vandalism, preservation of the status quo as to the liquor license and arranging for its transference, as well as as matters dealing with a lease of a portion of the premises and the ownership of personal property located thereon. While it is true that these services did not relate directly to the foreclosure proceedings, they were valuable services rendered to both the mortgagor and mortgagees in preserving and maintaining the value of the mortgaged premises (a resort hotel) for the benefit of all concerned. Up to the actual decree of foreclosure, counsel for the mortgagees were entitled to be credited for this type of service, as such services could hardly be considered unnecessary or of no benefit. *Cf., Estate of Thz Fo Farm, supra,* 37 Haw. 447. Thereafter, such services are reflected in the fees of the commissioners upon foreclosure.

The mortgagor has likewise complained that a large portion of the time of successor counsel was spent in duplicating the services of prior counsel in the matter of preparation for the hearing, contending that it was not responsible therefor. On the record as it stands, the point is well taken. The fees, in the aggregate, should not exceed the value of the services "that are reasonably necessary under the circumstances of the case." *Cf., Cirimele* v. *Shinazy,* 134 Cal. App. 2d 50, 285 P.2d 311; *E. V. Prentice Co.* v. *Associated Plywood Mills,* 113 F. Supp. 182, 188 (D. Or.).

Counsel for the mortgagees also seek justification of their fee by pointing to the large amount involved in the suit but while this is a factor to be considered it is not controlling as in itself it is no justification for a large fee to the mortgagees' attorney where the actual services

performed do not justify it. *Follansbee* v. *Northwestern Mutual Life Ins. Co.,* 87 Ill. App. 609, 611; *Wattson* v. *Jones,* 101 Ill. App. 572, 573. *Cf., Desky* v. *Orpheum Co., supra,* 13 Haw. 634.

Turning now to the fee of $5,000 awarded to counsel for the endorsers, it has been seen that this fee had been awarded pursuant to R.L.H. 1955, § 219-16.5, as amended, and not R.L.H. 1955, § 219-14, as challenged by the sole specification of error in No. 4425. Although the brief is not effective to raise any question as to the propriety of the fee under R.L.H. 1955, § 219-14, the fee does come under our scrutiny by virtue of the suggestion made by counsel for the mortgagees in the court below that one-half of the fee awarded them as counsel for the mortgagees would be considered "reasonable under the circumstances" as a fee for counsel for the endorsers. Pursuant to this suggestion the trial judge fixed the fee at $5,000, which was not quite one-half of the fee awarded counsel for the mortgagees, on the basis of the authority of R.L.H. 1955, § 219-16.5, as amended.

Normally a consent judgment fixing attorney's fees is not reviewable. Annot., 69 A.L.R. 2d 755, 822; *Bradley* v. *Donovan-Pattison Realty Co.,* 84 Wash. 654, 147 Pac. 421, 423; *Hoosier Finance Co.* v. *Campbell,* 86 Ind. App. 62, 155 N.E. 836, 838; *Galway* v. *Galway,* 231 Ill. 217, 83 N.E. 154. However, here the consent on the part of the mortgagees through their counsel was not as to a specific amount but to a "reasonable" fee to be determined only after a "reasonable" fee had been awarded to counsel for the mortgagees.[3]

The statute required a determination of the reason-

---

[3] Counsel for the mortgagees nonetheless argues that counsel for endorsers was not entitled to an attorney's fee and that there was no agreement that a fee should be awarded. However, he concedes that he did suggest in the event the trial court did award an attorney's fee, that such should be one-half of the fee to be allowed counsel for the mortgagees.

ableness of the fee and no evidence was received in this connection, the trial judge having accepted, without more ado, the suggested method of ascertainment offered by counsel for the mortgagees. The use of the mathematical formula of one-half of an unknown, uncertain and as yet unfixed amount, without regard for the proper factors for evaluating the services rendered, hardly connotes reasonableness in the determination of a "reasonable" attorney's fee.

Generally, in order to justify a finding of a "reasonable" attorney's fee, there must be evidence, or a proper showing made, in support of such finding. *Crouch* v. *Pixler,* 83 Ariz. 310, 320 P.2d 943; *Long* v. *Herrick,* 26 Fla. 356, 8 So. 50, 51; *Mason* v. *Mason,* 108 Utah 428, 160 P.2d 730, 733. And though consent was given to the size of the fee, such consent was not for a fixed amount but was contingent on the amount to be awarded to counsel for the mortgagees, so that the trial judge should have rejected it. Furthermore, the consent was in such terms as to come within the scope of the appeal taken in No. 4424.

Consequently, in view of the statutory duty imposed on the trial judge to determine the reasonableness of attorney's fees awarded pursuant to R.L.H. 1955, § 219-16.5, as amended, and since we are not in a position to affirm the fee awarded to counsel for the mortgagees by reason of what has been said above, we can hardly place our stamp of approval on this fee awarded to counsel for the endorsers.

This does not necessarily mean that the allowance or award of an attorney's fee must always be predicated on evidence presented in its support. The trial judge is, more or less, knowledgeable as to what is reasonable as an attorney's fee. *Estate of Thz Fo Farm, supra,* 37 Haw. 447, 453. There may well be instances where the amount re-

quested as a fee would and could hardly give rise to a question in the mind of the trial judge in the light of his legal, as well as judicial, experience and would not require evidentiary support to win appellate approval. In the final analysis, the question is one of abuse of discretion; and, if the amount of the fee allowed or awarded appears to the appellate court to be disproportionate to the extent of legal services normally required to be expended in a case of the nature of the one before the trial judge in which the fee was allowed or awarded, his allowance or award of a "reasonable" attorney's fee must then stand the scrutiny of the reviewing court on the record. See, *Schlief* v. *Clark,* 14 Haw. 78, 79; *Lalakea* v. *Laupahoehoe Sugar Co.,* 35 Haw. 262, 305 and 35 Haw. 682, 685. See also, *Valentin* v. *Brunette,* 26 Haw. 498; *Estate of Holt,* 42 Haw. 612; *Estate of Campbell,* 47 Haw. 216, 385 P.2d 828. Such was the situation in the instant case.

In view of the inadequacy of the present record, not only to support the fees allowed and awarded but to even enable the trial judge to exercise his discretion in determining "reasonable" attorneys' fees, the attorneys' fees allowed and awarded are set aside. The matter of attorneys' fees is remanded for further hearing so as to enable the trial judge to properly exercise his discretion in determining the true value of the services rendered by counsel and to fix "reasonable" attorneys' fees therefor in accordance with this opinion.

*A. Peter Howell* (*Hogan, Howell & Rother* of counsel) for Hui Wahine, Inc., defendant-appellant in No. 4424.

*John T. Ushijima* (*Ushijima and Nakamoto* of counsel) for plaintiffs-appellees in No. 4424 and for plaintiffs-appellants in No. 4425.

*Louis B. Blissard* (*Blissard & Conklin* of counsel) for defendants-appellees in No. 4425 other than Hui Wahine, Inc.