LANI WONG, Plaintiff-Appellee, Cross-Appellant, *v.* HAWAIIAN INSURANCE COMPANIES, Defendant-Appellant, Cross-Appellee

NO. 7007

CIVIL NO. 4878

DECEMBER 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* In these cross-appeals, we affirm a circuit court order dismissing a suit by plaintiff Lani Wong against defendant Hawaiian Insurance Companies. The lower court ruled that plaintiff did not have a right to no-fault benefits under HRS chapter 294. We also affirm the lower court's order awarding plaintiff her attorney's fee and costs under HRS § 294-30.

Plaintiff was the owner of a 1972 Pontiac which was insured under a no-fault policy by Hawaiian Insurance Companies with plaintiff as a named insured.

On February 21, 1977, plaintiff's son, Tracy Wong, was injured in an accident while a passenger in the Pontiac being driven by plaintiff's husband. Plaintiff, who owned and operated a small business, closed her business to care for her son, thereby suffering a loss of business profits.

Plaintiff thereupon filed suit to recover the loss of profits under the no-fault coverage and requested an award for her attorney's fees and costs. Summary judgments were entered by the court denying coverage but awarding plaintiff her attorney's fee and costs.

Plaintiff's essential argument in the court below was that she was entitled to no-fault benefits pursuant to HRS § 294-3(a) (1976), which provides "[i]f the accident causing accidental harm occurs in this State, every person, insured under this chapter, and his survivors, suffering loss from accidental harm arising out of the operation, maintenance or use of a motor vehicle has the right to no-fault benefits."

In order for plaintiff to be entitled to benefits, she must be a person "suffering loss from accidental harm." "Accidental harm" is

defined in HRS § 294-2(1) (1976 & Supp. 1980) as "bodily injury, death, sickness, or disease caused by a motor vehicle accident to a person."

We find no merit to plaintiff's argument. The language of the pertinent statutes is plain and clear. The no-fault claimant who is entitled to benefits must himself or herself sustain the "accidental harm" giving rise to the loss for which the claim is being made.

Our conclusion is further supported by HRS § 294-3(c) (1976) which provides that "[t]he total no-fault benefits payable per person or on his death to his survivor on account of accidental harm sustained by him in any one motor vehicle accident shall be $15,000, regardless of the number of motor vehicles involved or policies applicable." Since the benefits are phrased as being payable to the person(s) who sustained the accidental harm, this section indicates that the "loss from accidental harm" referred to in HRS § 294-3(a) means a loss which is sustained by the person injured.

Accordingly, we hold that plaintiff suffered no accidental harm within the definition of the statute. It may well be that she is entitled to "no-fault benefits" as defined under HRS § 294-2(10) (1976), but that precise question is not before us.

Defendant contends that the trial court erred in awarding plaintiff her attorney's fees and costs. HRS § 294-30(a) (1976 & Supp. 1980) provides:

A person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's fee, based upon actual time expended, which shall be treated separately from such claim and be paid directly by the insurer to the attorney, and all reasonable costs of suit in an action brought against an insurer who denies all or part of a claim for benefits under such policy unless the court determines that the claim was fraudulent, excessive, or frivolous.

Defendant first argues that the claim was "frivolous" and that consequently the fees and costs should not have been awarded. For a claim to be "frivolous," it must be "manifestly and palpably without merit." *R. W. Meyer, Ltd. v. McGuire,* 36 Haw. 184, 187 (1942); *Kawaihae v. Hawaiian Insurance Companies,* 1 Haw. App. 355, 360, 619 P.2d 1086, 1090 (1980).

Although we do not agree with plaintiff's construction of HRS § 294-3(a), we do not find the claim manifestly and palpably without

merit and frivolous.

Defendant next argues that the trial court's award was an abuse of its discretion. Under HRS § 294-30(a), the trial court has discretion to award attorney's fees and costs to a claimant, *Kawaihae v. Hawaiian Insurance Companies, supra* at 359, 619 P.2d at 1090, and the decision to award and the decision as to the amount to be paid will not be set aside unless there is an abuse of discretion. *In re Estate of Campbell,* 46 Haw. 475, 530, 382 P.2d 920, 957 (1963); *cf. Harada v. Ellis,* 60 Haw. 467, 478, 591 P.2d 1060, 1069 (1979); *Sharp v. Hui Wahine, Inc.,* 49 Haw. 241, 251, 413 P.2d 242, 248 (1966) (The trial judge's determination of a "reasonable" fee will not be set aside unless there is an abuse of discretion).

We find no abuse of discretion. The award of attorney's fee in the amount of $1,474.20 and costs in the amount of $61.00 is affirmed.

*Berton T. Kato (Bert T. Kobayashi, Jr.,* with him on the answering and reply briefs, *Kobayashi, Watanabe, Sugita & Kawashima* of counsel) for defendant-appellant, cross-appellee.

*William J. Rosdil* for plaintiff-appellee, cross-appellant.