Alfredo TIRONA, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation, Defendant.

Civ. No. 92–00347 BMK.

United States District Court,
D. Hawaii.

May 21, 1993.

Richard M. Berger, Paul M. Dold, Law Offices of Erlinda Dominguez, Honolulu, HI, for plaintiff.

Darolyn Hatsuko Lendio, McCorriston Miho & Miller, Honolulu, HI, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

KURREN, United States Magistrate Judge.

Plaintiff Alfredo Tirona ("Tirona") sued under the No-fault and underinsured motorist ("UIM") provisions of his wife's insurance policy with defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Both Tirona and State Farm filed motions for Summary Judgment. On January 19, 1993, this court heard both motions. The sole issue before the court was whether plaintiff fell within a "class" of spouses defined as "insureds" under § 431:10C–103(11)(B) of the Hawaii No–Fault Statute. State Farm argued that Tirona was not an "insured" because he did not live in the same household with his wife. Tirona argued that he did reside in the same household with his wife, but that he temporarily resided elsewhere. This court held that Tirona did not fall within the class of insured spouses, granted summary judgment in favor of State Farm, and denied summary judgment sought by Tirona. *See Tirona v. State Farm Mutual Automobile Insurance Co.,* 812 F.Supp. 1083 (D.Haw.1993).

On March 15, 1993, Tirona filed a Motion for Recovery of Attorney's Fees and Costs. Tirona requested $6,814.60 in attorneys' fees. State Farm objected to Tirona's motion, contending that Tirona's position on coverage was unreasonable and that he failed to cite any legal authority in support of his position. State Farm also asserted that Tirona's fees are unreasonable because 1) the fees are excessive, duplicative, and inconsistent; 2) charges for legal assistant's time are not reasonable attorney's fees and reflect work primarily completed for inter-office communications; and 3) some of the fees sought are unrelated to the instant case.

## I.

Haw.Rev.Stat. § 431:10C:211(a) provides for the recovery of a claimant's attorneys' fees and costs:

> A person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's fees and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was *unreasonable, fraudulent, excessive* or *frivolous.* Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

(Emphasis added.) This statute has been in effect since 1987, with the exception that effective June 3, 1992, the Hawaii Legislature amended § 431:10C–211(a) to add the word "unreasonable".

State Farm contends that Tirona's request for attorney's fees is "unreasonable" on the grounds that Tirona failed to cite any legal authority supporting his position on the issue of coverage in his motion for summary judgment and supporting memoranda.

Tirona was injured in an automobile accident in July, 1989. At the time of the accident Tirona was living in Reno, Nevada and his wife was living in Waipahu, Hawaii. Tirona's wife was an insured under an automobile insurance policy issued by State Farm providing No–Fault and UIM coverages. Tirona was not a named insured in his wife's policy. Tirona made a claim for benefits pursuant to those coverages as a spouse of the insured.

In its motion for summary judgment, State Farm contended that Tirona, although married to the insured, is not an "insured" under

his wife's policy because he did not live in the same household with his wife on the date of the accident and that under both the No–Fault and UIM sections of his wife's policy, a requirement that the spouses live with one another is a condition of coverage. State Farm pointed out that in addition to the language of the wife's policy, Haw.Rev.Stat. § 431:10C–103(11) defines "no-fault insured" as "a spouse or relative" of a named insured "residing in the same household with a named insured". The section further states that:

> A person resides in the same household if the person usually makes the person's home in the same family unit, even though the person temporarily lives elsewhere.

Haw.Rev.Stat. § 431:10C–103(11).

In his cross motion for summary judgment Tirona asserted that he lived apart from his wife for most of the year for purposes of employment only and that every time he left Hawaii and returned to the mainland a new period of temporarily residing elsewhere commenced. Based on the totality of their living arrangements this court found that Tirona and his wife did not live together within the meaning of his wife's State Farm policy or Haw.Rev.Stat. § 431:10C–103(11). However, while the court did not grant Tirona's motion for summary judgment, it does not find that Tirona's position is unreasonable within the meaning of Haw.Rev.Stat. § 431:10C–211(a).

Prior to 1987, recovery for attorney's fees in no-fault cases was governed by a predecessor statute, Haw.Rev.Stat. § 294–30(a), which allowed claimants, whether or not they prevailed, to recover attorney's fees unless the claim was fraudulent, excessive, or frivolous.[1] In determining whether or not to award attorney's fees under the predecessor statute, the Hawaii Intermediate Court of Appeals held that a "denied claim for no-fault

insurance benefits is not categorically fraudulent unless it is falsely made or caused to be made with the intent to deceive." *Kawaihae v. Hawaiian Insurance Companies*, 1 Haw. App. 355, 360, 619 P.2d 1086, 1090 (1980). This court does not find that plaintiff's claim for no-fault insurance benefits was falsely made or caused to be made with the intent to deceive, and nothing in the record supports a conclusion that plaintiff's claim was made in bad faith or was dishonest.

For a claim to be "frivolous", "it must be manifestly and palpably without merit." *Wong v. Hawaiian Insurance Companies*, 64 Haw. 189, 191, 637 P.2d 1144, 1145 (1981), citing *R.W. Meyer, Ltd. v. McGuire*, 36 Haw. 184, 187 (1942) and *Kawaihae*, 1 Haw.App. at 360, 619 P.2d at 1090. And it must be "so clearly and palpably bad as to indicate bad faith on the part of the pleader and as to require no argument to convince the court thereof." *Kawaihae*, 1 Haw.App. at 360, 619 P.2d at 1090, citing *Smith v. Smith*, 29 Misc.2d 501, 216 N.Y.S.2d 822, 824 (1961). *See also Coll v. McCarthy*, 72 Haw. 20, 804 P.2d 881 (1991). The court finds that although Tirona did not prevail in his motion for summary judgment and State Farm did, Tirona's claim was not so manifestly and palpably without merit as to require no argument to convince the court. In sum, the court does not find that Tirona's claim for No–Fault and UIM benefits was unreasonable, frivolous, fraudulent or excessive.

■ Under Haw.Rev.Stat. § 431:10C:-211(a) and its predecessor statute Haw.Rev. Stat. § 294–30(a) a court has the discretion to award attorney's fees to no-fault claimants, whether or not they prevail on the merits. *See Wong*, 64 Haw. at 192, 637 P.2d at 1145; *Kawaihae*, 1 Haw.App. at 358–363; 619 P.2d at 1089–1092. The court finds that it was reasonable for plaintiff to litigate the issues raised in this action, and accordingly, the court in its discretion hereby awards

---

1. § 294–30 Claimant's attorney's fees. (a) A person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court or the commissioner, upon judicial or administrative proceedings, respectively, determines that the claim was fraudulent, excessive, or frivolous. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

Tirona reasonable attorney's fees pursuant to Haw.Rev.Stat. § 431:10C:211(a).

## II.

■ In diversity cases, federal courts apply state law in deciding whether to allow attorneys' fees when those fees are connected to the substance of the case. *Alyeska Pipeline Service Co. v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Price v. Seydel*, 961 F.2d 1470 (9th Cir.1992); *Hancock Laboratories, Inc. v. Admiral Ins. Co.*, 777 F.2d 520, 525 (9th Cir. 1985); *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir.1983).

■ Under Hawaii law, the prevailing party is entitled to recover only reasonable attorneys' fees and costs, and the burden is on the prevailing party to prove those fees and costs were associated with the relief requested and reasonably necessary to achieve the results obtained. *See Jenkins v. Wise*, 58 Haw. 592, 574 P.2d 1337 (1978); *Sharp v. Hui Wahine, Inc.*, 49 Haw. 241, 244–245, 413 P.2d 242, 245–246 (1966); *Smothers v. Renander*, 2 Haw.App. 400, 633 P.2d 556 (1981).

■ Ordinarily the court determines the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours productively expended by counsel times a reasonable hourly rate (the lodestar amount). *Montalvo v. Chang*, 64 Haw. 345, 362, 641 P.2d 1321, 1332 (1982). *See also Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The reasonable hourly rate is that prevailing in the community for similar work. *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir.1988). In order to compute the lodestar amount the court must ascertain the time counsel actually spent on the case and the must subtract hours which were duplicative, unproductive, excessive, or unnecessary. *Hensley*, 461 U.S. at 432–433, 103 S.Ct. at 1939–1940. The lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances. *See*

*Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984).

■ Hawaii courts also consider certain additional factors when determining whether to award attorneys' fees and what fees are reasonable:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

(2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a loss of other employment while employed in the particular case or antagonisms with other clients;

(3) customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting to the client from the services;

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an established and constant client. .

*Booker v. Midpac Lumber Co., Ltd.*, 65 Haw. 166, 171, 649 P.2d 376, 379 (1982); *Sharp v. Hui Wahine, Inc.*, 49 Haw. 241, 244–245, 413 P.2d 242, 245–246 (1966); *In re Property of Marlene Chow*, 3 Haw.App. 577, 584, 656 P.2d 105, 111 (1982). These factors are not controlling; they merely serve as guides in "ascertaining the real value of the service" and the court is not required to consider each of them in every case. *Booker*, 65 Haw. at 171, 649 P.2d at 379; *Sharp*, 49 Haw. at 245, 413 P.2d at 246. The factors adopted by Hawaii courts are similar to the *Kerr* factors adopted by the Ninth Circuit in federal subject matter jurisdiction cases. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–719 (5th Cir.1974) adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975) (footnote omitted).

■ The mitigating factors are not utilized to calculate the lodestar amount, but to justify an award greater or lesser than the

presumptively reasonable lodestar. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir.1987). Although not specifically mentioned, it seems reasonable to conclude that since some of these factors are used to determine the lodestar these same factors should not be used in adjusting the lodestar.

Courts have also considered such additional factors as: (1) the merits of the unsuccessful parties claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. *See e.g. Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181, 1184 (1985); *Wistuber v. Paradise Valley Unified School*, 141 Ariz. 346, 687 P.2d 354 (1984).

■■■■ Courts generally require that the documentation of attorneys' fees and costs meets certain specificity requirements. *See Montalvo*, 641 P.2d at 1331; *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir.1985); *Furtado v. Bishop*, 635 F.2d 915, 922 (1st Cir.1980). Charges for duplicative work are not recoverable. *See Furtado* at 922.

If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.

*Johnson* at 717. Certain work, such as filing pleadings with the court, that is not work that requires an attorney's expertise, is not compensable at attorneys' rates.

It is appropriate to distinguish between legal work, … and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it. *Johnson* at 717.

In determining reasonable fees the court also must assess the extent to which fees and costs could have been avoided or were self-imposed. *INVST Financial Group v. Chem–Nuclear Systems*, 815 F.2d 391, 404 (6th Cir.1987), cert denied, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987).

### III.

■■■■ State Farm asserted that charges for time expended for legal assistants should not be recoverable. The court finds that most of the services rendered by paralegals appear to be clerical in nature. As such the court does not find they are compensable as attorneys' fees.

■■■■ The court also finds that there seems to be an excessive amount of time spent reviewing letters, some of which were very short. The court does not find this reasonable considering the circumstances of this case and has therefor discounted a number of those charges.

■■■■ The court further finds that the expenditure of 2.4 hours by an attorney to file a complaint in a case of this nature is not only excessive but not compensable at an attorney's rate as well. Filing pleadings with the court is not work that requires an attorney's expertise. While the complaint may have been filed by an attorney, reimbursement at a clerk's rate is all that is compensable.

■■■■ In addition the court finds that Tirona appears to be seeking fees for services rendered on April 8, 1991, that do not appear to be directly related to this action. Finally the court finds that compensation at $120.00 per hour for plaintiff's attorneys in this case to be a reasonable hourly rate.

■ After careful consideration of the documentation provided by Tirona, the court has determined an approximation of the time counsel spent on this case, subtracted charges that were inapplicable or excessive, and factored in certain other considerations as set forth above, including the amount involved, the results obtained and the merits of the unsuccessful party's claim or defense, and finds that an award of $3500.00 in attorneys' fees to be reasonable.

IT IS SO ORDERED.