966 P.2d 1070

The ESTATE OF George CABRAL,
Respondent–Claimant–
Appellant,

v.

AIG HAWAII INSURANCE COMPANY,
Petitioner–Respondent–Appellee,

and

Reynaldo Graulty,[1] Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i, Respondent–Appellee.

No. 20683.

Supreme Court of Hawai'i.

June 29, 1998.

Katherine M. Nohr, Reid, Richards & Miyagi, on the briefs, Honolulu, for petitioner-respondent-appellee.

Christopher R. Evans, on the briefs, Honolulu, for respondent-claimant-appellant.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

RAMIL, Justice.

We issued a writ of certiorari to review the decision of the Intermediate Court of Appeals (ICA) in *Estate of Cabral v. AIG Hawai'i Ins. Co.*, 88 Hawai'i 345, 966 P.2d 1071, (App.1998). Specifically, we address whether Hawai'i Revised Statutes (HRS) §§ 431:10C–304 and 431:10C–103(10) (Spec.Pamph.1987) confer upon an insured a survivors' loss benefit equivalent to the aggregate no-fault benefits less any no-fault benefits paid or payable under the policy.

In the instant case, the circuit court affirmed the Insurance Commissioner's decision that, when the claimant increased no-fault benefits from $15,000 to $50,000, this increase did not affect that part of the policy relating to survivors' loss benefits. On appeal, the ICA vacated the circuit court's order and remanded "with instructions that the Commissioner shall enter an order holding that Claimant is entitled to receive survivor's loss benefits in the amount of $50,000," less other benefits already paid. 88 Hawai'i at 356, 966 P.2d at 1082.

The ICA also held that (1) Hawai'i Administrative Rules (HAR) § 16–23–11 does not govern the amounts of survivors' benefits payable, as the respondent argued, and (2) that the rule governs only the amount of premiums charged, not the benefits due. 88

---

1. Reynaldo Graulty succeeded Wayne C. Metcalf, III as Insurance Commissioner, Department of Commerce and Consumer Affairs of the State of Hawai'i, during the pendency of this action.

Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 43(c)(1), Graulty has been substituted automatically for Metcalf in this case.

Hawai'i at 354–355, 966 P.2d at 1088–1081. We disagree.

By its plain language, HAR § 16–23–11 (including the exhibit incorporated by reference in it), clearly and unambiguously lays out not only the premiums an insurer may charge, but the benefits payable to an insured. Nevertheless, the ICA correctly held that, under HRS § 431:10C–103(10)(B), no-fault survivors' benefits are subject either to an aggregate limit of $15,000 *or* "[a]n aggregate limit of the expanded limits where the insured has contracted for it under an optional additional coverage." 88 Hawai'i at 353, 966 P.2d at 1079. Accordingly, we hold that, insofar as HAR § 16–23–11 conflicts with HRS § 431:10C–103(10)(B) by limiting survivors' benefits to $15,000 despite the presence of expanded no-fault coverage, HAR § 16–23–11 is void as a matter of law. In all other respects, we affirm the judgment of the ICA vacating the circuit court's order affirming the Insurance Commissioner and remanding for further action as set forth in the conclusion of the ICA's opinion.