61 P.3d 532

**In the Matter of the Claim of Melvin HOFFACKER, Claimant–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Wayne C. Metcalf, III, Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i, Respondents–Appellees.**

**No. 24293.**

Intermediate Court of Appeals of Hawai'i.

Dec. 17, 2002.

Certiorari Denied Jan. 24, 2003.

Christopher R. Evans, Honolulu, on the briefs, for claimant-appellant.

Randall Y.S. Chung and James H. Monma, Honolulu, (Matsui Chung Sumida & Tsuchiyama), on the briefs, for respondent-appellee State Farm Mutual Automobile Insurance Company.

Deborah Day Emerson and David A. Webber, Deputy Attorneys General, State of Hawai'i, on the briefs, for respondent-appellee Wayne C. Metcalf, III, Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i.

WATANABE, Acting C.J., LIM, and FOLEY, JJ.

Opinion of the Court by WATANABE, J.

This secondary appeal by Claimant–Appellant Melvin Hoffacker (Hoffacker) challenges the Final Judgment entered by the Circuit Court of the First Circuit (the circuit court)[1] on May 8, 2001, affirming the Final Order of Respondent–Appellee Wayne C. Metcalf, III, Insurance Commissioner, Department of Commerce and Consumer Affairs (DCCA), State of Hawai'i (the Commissioner), dated August 4, 2000, that in turn, upheld the denial by Respondent–Appellee State Farm Mutual Automobile Insurance Company (State Farm) of no-fault motor vehicle insurance benefits to Hoffacker.

The primary issue[2] we have been asked to decide is whether the circuit court correctly

---

1. Judge Eden Elizabeth Hifo was the presiding judge.

2. Claimant–Appellant Melvin Hoffacker (Hoffacker) also alleges that the evidence submitted

concluded that Hoffacker had the burden of proving, by a preponderance of the evidence, that State Farm's denial of benefits to him was improper.

We affirm.

## BACKGROUND

The facts of this case are summarized in the circuit court's Findings of Fact, Conclusions of Law and Order, filed on April 24, 2001.

Hoffacker was involved in a motor vehicle accident on March 6, 1998, while operating a motor vehicle insured under a no-fault policy issued by State Farm. Following the accident, Hoffacker, who had a history of pre-accident injuries, was treated by Dr. Thomas H. Sakoda (Dr. Sakoda), who diagnosed Hoffacker as suffering from cervical and lumbar disk syndrome. State Farm extended no-fault benefits to Hoffacker for the treatments rendered.

Following his subsequent examinations of Hoffacker, Dr. Sakoda reported that Hoffacker "looks all right[,]" "is in no significant distress[,]" and "moves easily." State Farm thereafter requested that Hoffacker submit to an independent medical examination (IME). Dr. Mark Gabr (Dr. Gabr), a neurologist, conducted the IME on May 7, 1999 and issued a report, opining:

> There is clear evidence from the history of a pre-existing somatoform disorder, and there is also clear evidence, by MRI, of pre-existing degenerative disc disease in the cervical and lumbar spines. None of these factors are related to the 3/06/98 accident. There is no convincing history that the claimant's condition was aggravated by the subject accident. There are a number of signs of inorganic pain behavior on physical examination.
>
> Subjective complaints are secondary to [Hoffacker's] underlying pain syndrome and could represent malingering. I can detect no objective findings on examination.

by Respondent Appellee State Farm Mutual Automobile Insurance Company in support of its denial of Hoffacker's no-fault motor vehicle insurance claim was not "substantial evidence" that overcame a statutory presumption that Hof-

Dr. Gabr further wrote, "there is no condition or injury that I believe was caused by the subject accident. Thus, in my opinion, [Hoffacker] has remained at a pre-injury status and has reached maximum medical improvement." Based on the IME report, State Farm issued denials for no-fault benefits to Hoffacker on July 7, 1999 and July 16, 1999, for disability from June 11, 1999 to August 1, 1999 and for services from March 12, 1999 to April 14, 1999, respectively.

Hoffacker then requested administrative hearings before DCCA's Insurance Division for review of each of the two denials. The hearings for both denials were consolidated by stipulation, and an administrative hearing was held on April 27, 2000. On May 25, 2000, the hearings officer issued the Hearings Officer's Findings of Fact, Conclusions of Law and Recommended Order, recommending that the Commissioner "find and conclude that [Hoffacker] has failed to establish by a preponderance of the evidence that [State Farm's] denials were improper, and that the denials should therefore be affirmed." The hearings officer specifically concluded, in part:

> In order to prevail, [Hoffacker] has the burden of producing credible evidence and of establishing by a preponderance of the evidence that [State Farm's] denials were improper. Hawaii Revised Statutes (HRS) § 91–10(5); Hawaii Administrative Rules (HAR) § 16–201–21(d).[1] Based upon the evidence presented, the Hearings Officer finds and concludes that [Hoffacker] has not proven by a preponderance of the evidence that the denials were improper.

---

[1] Claimant argues that HRS § 431:10C–304 creates a presumption that the medical treatments rendered to [Hoffacker] by Dr. Sakoda, on its face, are appropriate and reasonable, and that accordingly, [State Farm] bears the burden of producing sufficient evidence to overcome that presumption. It is well-settled in this forum, however, that [Hoffacker] bears the burden of proving by a preponderance of the evidence

facker's medical expenses from a treating physician were reasonable and proper. In light of our disposition of the primary issue raised by Hoffacker in this appeal, we conclude that there is no merit to this claim.

that [State Farm's] denial of no-fault benefits was improper and should therefore be rejected. (Internal quotation marks omitted.)

On August 4, 2000, the Commissioner issued the Commissioner's Final Order, which adopted the hearings officer's recommendation and stated, in part:

Upon·review of the entire record of this proceeding, the Commissioner adopts the Hearings Officer's proposed decision as the Commissioner's Final Order. Accordingly, the Commissioner finds and concludes that [Hoffacker] has failed to establish by a preponderance of the evidence that [State Farm's] denials were improper, and that the denials should therefore be affirmed.

Hoffacker then appealed the Commissioner's Final Order to the circuit court. On April 24, 2001, the circuit court issued its Findings of Fact, Conclusions of Law and Order, denying Hoffacker's appeal from the Commissioner's Final Order and concluding, as a matter of law:

25. [Hoffacker] has the burden of producing credible evidence and of establishing by a preponderance of the evidence that State Farm's denials were improper. Such burden is consistent with the statutory scheme.

26. There is no presumption in the motor vehicle insurance law, which provides that any and all treatment that occurs after a motor vehicle accident is presumed to have been caused by the accident. [Hoffacker] has the burden to prove by a preponderance of the evidence that his alleged injuries/conditions were caused by the accident when the same is [sic] questioned.

27. [The Commissioner] properly determined that [Hoffacker] failed to establish by a preponderance of the evidence that State Farm's denials were improper. Hence, [the Commissioner] properly concluded that [Hoffacker] is not entitled to the contested no-fault benefits.

On May 8, 2001, the circuit court entered a Final Judgment in favor of State Farm and the Commissioner and against Hoffacker, affirming the Commissioner's Final Order. Hoffacker timely filed a notice of appeal on May 22, 2001.

## STANDARD OF REVIEW

Pursuant to HRS § 91–14(g) (1993):

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91–14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); findings of fact are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6)." *Bragg v. State Farm Mutual Auto. Ins. Co.,* 81 Hawai'i 302, 305, 916 P.2d 1203, 1206 (1996) (*citing Smith v. State Dep't of Labor & Indus. Relations,* 80 Hawai'i 150, 153, 907 P.2d 101, 104 (1995)).

The burden of proof issue raised by Hoffacker on appeal is a question of law that is freely reviewed upon appeal.

The standard of review for statutory construction is well-established. The interpretation of a statute is a question of law which this court reviews *de novo*. In addition, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain

and obvious meaning. Finally, in determining the purpose of the statute, we are not limited to the words of the statute to discern the underlying policy which the legislature seeks to promulgate but may look to relevant legislative history.

*State v. Wells,* 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (brackets, citations, ellipsis, and internal quotation marks omitted).

## DISCUSSION

### A.

Hoffacker argues that the circuit court erred in affirming the Commissioner's Final Order because the hearings officer improperly placed the burden of proof on him to show that State Farm's denials of benefits to him were improper. According to Hoffacker, this was error because there is a statutory presumption that all medical treatments incurred by a claimant following a motor vehicle accident are appropriate, reasonable, and necessary as long as the treated injuries are of the kind produced by motor vehicle accidents.

For administrative agency hearings, HRS § 91–10(5) (1993) states:

In contested cases ... [e]xcept as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence as well as the burden of persuasion. The degree or quantum of proof shall be a preponderance of the evidence.

Furthermore, HAR § 16–201–21(d) (1990)[3] provides:

3. Hawaii Administrative Rules (HAR) § 16–201–21 (1990) is part of Title 16, Chapter 201 of the rules adopted by the State of Hawai'i, Department of Commerce and Consumer Affairs (DCCA). Chapter 201, entitled "Administrative Practice and Procedure[,]" sets forth rules of administrative procedure that govern "all proceedings brought before any authority of [DCCA,]" including the Insurance Division of DCCA.

4. Hawaii Revised Statutes (HRS) § 431:10C–304 (Supp.1997) states, in part:

Every personal injury protection insurer shall provide personal injury protection benefits for accidental harm as follows:

Except as otherwise provided by law, the burden of proof, including the burden of producing the evidence and the burden of persuasion, shall be upon the party initiating the proceeding. Proof of a matter shall be by a preponderance of the evidence.

Since Hoffacker requested administrative hearings before the Insurance Division, he had the burden of proof at the hearing, according to the foregoing provisions.

■ Nevertheless, Hoffacker contends that the Motor Vehicle Insurance statutes create a superseding statutory presumption that medical treatments following a motor vehicle accident are the appropriate, reasonable, and necessary result of the accident as long as the treated injuries are of the kind produced by motor vehicle accidents. That is, Hoffacker maintains that medical treatments following a motor vehicle accident are statutorily presumed to have been caused by the accident and it is therefore the insurer's burden to disprove causation. Hoffacker reaches this conclusion by arguing that the phrase "injury arising out of a motor vehicle accident" in HRS § 431:10C 304(1) (Supp.1997)[4] does not mean an injury "caused" by a motor vehicle accident.

However, the plain language of the statute contradicts Hoffacker's interpretation. HRS § 431:10C–304(1) requires that:

in the case of injury arising out of a motor vehicle accident, *the insurer shall pay* ... on behalf of ... persons who sustain accidental harm as a result of the operation, maintenance, or use of the vehicle ...

(1) Except as otherwise provided in section 431:10C–305(d), in the case of injury arising out of a motor vehicle accident, the insurer shall pay, without regard to fault, to the provider of services on behalf of the following persons who sustain accidental harm as a result of the operation, maintenance, or use of the vehicle, an amount equal to the personal injury protection benefits as defined in section 431:10C–103.5(a) payable for expenses to that person as a result of the injury[.]

"Accidental harm" is defined as "bodily injury, death, sickness, or disease caused by a motor vehicle accident to a person." HRS § 431:10C–103 (Supp.1997).

*benefits ... payable for expenses to that person as a result of the injury* [.]

(Emphases added.) HRS § 431:10C–103 (Supp.1997) defines "[a]ccidental harm" as "bodily injury, death, sickness, or disease caused by a motor vehicle accident to a person" and "[i]njury" as "accidental harm not resulting in death." Construing the plain language of the foregoing statutes, HRS § 431:10C–304(1) requires insurers to pay the expenses of those who sustain bodily injury, death, sickness, or disease caused by a motor vehicle accident.

### B.

Hoffacker next argues that the no-fault motor vehicle insurance statutes are remedial and should therefore be broadly construed. Hoffacker cites various cases for this proposition.[5] However, even a broad interpretation of the no-fault motor vehicle insurance statutes cannot contradict the plain language of HRS § 431:10C–304(1), which requires a causal connection between a motor vehicle accident and any injury for which a claim for no-fault insurance benefits is made.

### C.

Finally, Hoffacker argues that HRS § 431:10C–304(1) should operate with a presumption of causation similar to the presumption in the workers' compensation statute, HRS § 386 85(1) (1993).[6] In support of this proposition, Hoffacker relies on a reference in HRS § 431:10C–308.5 (Supp.1997) to "workers' compensation schedules[.]"[7] However, it is clear that HRS § 431:10C–

308.5 uses the workers' compensation schedules merely to establish limitations on charges and frequency of treatments arising out of motor vehicle accidents. The reference to the workers' compensation schedules in HRS § 431:10C–308.5 was not meant to graft the whole body of workers' compensation law onto the motor vehicle insurance laws. Unlike HRS § 386–85(1), which is entitled "Presumptions" and contains an express legislative allocation of the burden of proof, no similar expression of presumptions exists in the motor vehicle insurance statutes.

Hoffacker cites *Mitchell v. State Dep't of Educ.*, 85 Hawai'i 250, 942 P.2d 514 (1997); *Chung v. Animal Clinic, Inc.*, 63 Haw. 642, 636 P.2d 721 (1981); *Korsak v. Hawaii Permanente Medical Group, Inc.*, 94 Hawai'i 297, 12 P.3d 1238 (2000). However, these cases do not have anything to do with the Motor Vehicle Insurance laws.

### CONCLUSION

For the reasons stated above, we affirm the Final Judgment entered by the circuit court on May 8, 2001, affirming the Commissioner's Final Order, dated August 4, 2000, that in turn, upheld State Farm's denial of no-fault motor vehicle insurance benefits to Hoffacker.

---

**5.** *Bragg v. State Farm Mutual Auto. Ins. Co.*, 81 Hawai'i 302, 916 P.2d 1203 (1996) (definition of covered persons under HRS § 431:10C–304(1)(A)); *Dawes v. First Ins. Co. of Hawai'i, Ltd.*, 77 Hawai'i 117, 883 P.2d 38 (1994) (uninsured motorist coverage and pedestrians); *Estate of Cabral v. AIG Hawai'i Ins. Co.*, 88 Hawai'i 344, 966 P.2d 1070 (1998) (conflict between HRS § 431:10C–103(10)(B) and HAR § 16–23–11).

**6.** HRS § 386–85 (1993) states:

**Presumptions.** In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim is for a covered work injury;

(2) That sufficient notice of such injury has been given;

(3) That the injury was not caused by the intoxication of the injured employee; and

(4) That the injury was not caused by the wilful intention of the injured employee to injure oneself or another.

**7.** Hoffacker also cites the similarity between the "arising out of" language in HRS § 431:10C–304(1) and HRS § 386–3, which states, in part, "accident arising out of and in the course of the employment[.]" As discussed above, the plain language of HRS § 431:10C–304(1) requires an interpretation of the phrase "arising out of" to mean "caused by." This interpretation also makes sense in the context of HRS § 386–3 because it is HRS § 386–85 that shifts the burden of proof to employers, not the "arising out of" language of HRS § 386–3.