90 P.3d 267

Christopher IAEA, Claimant–
Appellant–Appellant,

v.

TIG INSURANCE COMPANY,
Respondent–Appellee–
Appellee,

and

J.P. Schmidt,[1] Insurance Commissioner,
Department of Commerce and Consum-
er Affairs, State of Hawai'i, Appellee–
Appellee.

No. 24787.

Intermediate Court of Appeals of Hawai'i.

April 14, 2004.

---

**1.** At the time this case arose, Wayne C. Metcalf, III was the Insurance Commissioner of the State of Hawai'i, Department of Commerce and Consumer Affairs, Appellee–Appellee in this appeal. Pursuant to Hawai'i Rules of Appellate Procedure Rule 43(c)(1) relating to substitution of parties, the current Insurance Commissioner, J.P. Schmidt, has been substituted as the named party to this case.

Christopher Evans, Honolulu, on the briefs, for claimant-appellant-appellant.

Katharine M. Nohr (Miyagi, Nohr & Myre, of counsel), Honolulu, on the briefs, for respondent-appellee-appellee TIG Insurance Company.

Deborah Day Emerson and David A. Webber, deputy attorneys general, State of Hawai'i, on the briefs, for appellee-appellee J.P.

Schmidt, Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i.

WATANABE, ACTING C.J., and LIM, J.; with FOLEY, J., concurring separately.

Opinion of the Court by WATANABE, Acting C.J.

In this secondary appeal, Claimant–Appellant–Appellant Christopher Iaea (Iaea) challenges a November 23, 2001 order of the Circuit Court of the First Circuit[2] (the circuit court) that affirmed the June 25, 2001 Commissioner's Final Order entered by Appellee–Appellee Insurance Commissioner, Department of Commerce and Consumer Affairs, State of Hawai'i (the Commissioner) regarding Iaea's claim against Respondent–Appellee–Appellee TIG Insurance Company (TIG) for no-fault motor vehicle insurance benefits and related attorney's fees.

Iaea argues on appeal that the circuit court erred in affirming the Commissioner's Final Order because: (1) the Commissioner improperly placed the burden of proof on Iaea to show that TIG's denial of benefits was improper, and (2) the Commissioner improperly denied him the attorney's fees and costs to which he was statutorily entitled.

We disagree with Iaea's first contention but agree with his second contention. Accordingly, we affirm in part, vacate in part, and remand to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

On May 19, 1997, Iaea was involved in an accident while operating an automobile insured under a no-fault insurance policy issued by TIG. He was taken to the emergency room of St. Francis Medical Center, where he was diagnosed with neck and back strain and x-rays showed significant degenerative changes in both of his knees and his cervical and lumbar spine. A review of Iaea's medical history revealed that he had sustained numerous previous injuries.

On July 9, 1997, Dr. Robert Lindberg (Dr. Lindberg) performed an independent medical

2. Judge Eden Elizabeth Hifo presided.

examination (IME) of Iaea and determined that the May 1997 accident "did cause a temporary aggravation of [Iaea's] preexisting condition, but that aggravation has long since passed" and would have resolved itself "in three to six weeks[.]" Dr. Lindberg apportioned ten percent of Iaea's current condition to the May 1997 accident, forty percent to Iaea's previous injuries, and fifty percent to degenerative disc disease and degenerative joint disease changes in Iaea's various joints. TIG adopted Dr. Lindberg's findings and covered only ten percent of the treatment services provided to Iaea following the accident.

Iaea requested an administrative hearing before the Insurance Division of the Department of Commerce and Consumer Affairs, State of Hawai'i, and following a January 12, 2000 hearing, a hearings officer issued Findings of Fact, Conclusions of Law and Recommended Order (the Hearings Officer's Recommended Order). The hearings officer concluded, in relevant part, as follows:

The Hearings Officer agrees with Dr. Lindberg that the accident caused a temporary aggravation of the preexisting condition, but that aggravation has long since passed, and the injury conditions would have resolved in three to six weeks. Thus, [TIG] had a reasonable basis on August 4, 1997 to issue a denial of benefits, however, the Hearings Officer finds that [Iaea] has established by a preponderance of the evidence entitlement of 20% of the contested benefits, and therefore, the Hearings Officer concludes that [TIG's] denial was improper.

The hearings officer recommended that the Commissioner find and conclude that Iaea "has established by a preponderance of the evidence that he was entitled to 20% of treatments and that the denial should therefore be rejected." The hearings officer also recommended that "the parties bear their own attorney's fees and costs incurred in this matter."

The Commissioner adopted the Hearings Officer's Recommended Order as the Commissioner's Final Order on June 25, 2001.

On July 20, 2001, Iaea appealed to the circuit court, claiming that the burden of proof was improperly placed upon him by the Commissioner since a statutory presumption existed that medical treatments incurred by a claimant following a motor vehicle accident are appropriate and reasonable. Iaea also argued that the Commissioner abused his discretion in denying Iaea attorney's fees and costs because an unpublished memorandum opinion by the Hawai'i Supreme Court collaterally estopped the Commissioner from denying Iaea attorney's fees and costs.

On November 23, 2001, the circuit court entered an Order Affirming Commissioner's Final Order, stating, in relevant part, as follows:

It is not disputed that Iaea initiated the administrative proceedings below, pursuant to [Hawai'i Revised Statutes (HRS)] § 431:10C–212. Accordingly, the Commissioner correctly ruled that Iaea bore the burden of proof of this claim by a preponderance of the evidence. HRS § 91–10(5); Hawai'i [sic] Administrative Rule ("HAR") § 16–201–21(d).

The court finds and concludes that there is no presumption of validity of a claim for payment of motor vehicle insurance benefits that applies to claims under HRS § 431:10C–212. [Iaea] has not identified as clearly erroneous any finding of fact made in [the Hearings Officer's Recommended Order], and has demonstrated no clear error in any of the findings.

On October 29, 2001, the court heard further argument on the issue of attorney's fees and costs. [The Hearings Officer's Recommended Order] adopted by [the Commissioner's Final Order], ruled that the parties must each bear their own fees and costs. Iaea contends that this ruling was an abuse of discretion and that as a matter of law, he is entitled to an award of attorney's fees and costs. Iaea cites as authority only the unpublished memorandum opinion of the Hawai'i Supreme Court in *Spangler v. Pacific Insurance Company, Ltd.*, No. 17403 [92 Hawai'i 628, 994 P.2d 560 (1999)], decided March 30, 1999. Memorandum decisions of the [s]upreme [c]ourt may not be cited in any other action or proceeding, with certain exceptions not shown to apply here. Haw. R.App. P.

[Rule] 35(c). Iaea argues that the *Spangler* decision collaterally estops the Commissioner from denying his claim for attorney's fees and costs in this case, but makes no showing to establish the basis for the application of the doctrine of collateral estoppel. The court finds no abuse of discretion, and no error of law, in the denial of attorney's fees and costs as provided by [the Commissioner's Final Order].

A separate judgment in favor of TIG and the Commissioner was entered on November 23, 2001, and this secondary appeal by Iaea followed.

## STANDARD OF REVIEW

■ The interpretation of statutory provisions is a question of law, which this court reviews *de novo* under the right/wrong standard. *State v. Kotis,* 91 Hawai'i 319, 327, 984 P.2d 78, 86 (1999). This court is thus free to review the correctness of the circuit court's and the Commissioner's construction of statutory provisions. *Id.*

■ Additionally, although deference will ordinarily be given to the Commissioner with respect to decisions within the Commissioner's expertise, this "rule of judicial deference ... does not apply when the [Commissioner's] reading of the statute contravenes the legislature's manifest purpose." *Coon v. City and County of Honolulu,* 98 Hawai'i 233, 245, 47 P.3d 348, 360 (2002) (citations and internal quotation marks omitted).

## DISCUSSION

### A. *Allocation of the Burden of Proof*

■ Iaea contends that the circuit court incorrectly concluded that he had the burden of proving the impropriety of TIG's denial of no-fault insurance benefits because a statutory presumption exists that medical treatments following a motor vehicle accident are appropriate, reasonable, and related to the accident at issue. In light of this court's decision in *Hoffacker v. State Farm Mut.*

*Auto. Ins. Co.,* 101 Hawai'i 21, 61 P.3d 532 (App.2002), which resolved the identical issue, we disagree.

### B. *The Statutory Obligation to Provide Attorney's Fees and Costs*

At the time Iaea filed his claim for no-fault insurance benefits on August 13, 1997, two statutory provisions governed the award of attorney's fees and costs to a claimant who had brought an action against an insurer who had denied all or any part of a claim for no-fault insurance benefits: (1) HRS § 431:10C–211(a) (1993), *amended by* HRS § 431:10C–211(a) (Supp.2003); and (2) HRS § 431:10C–304(5) (1993), *amended by* HRS § 431:10C–304(5) (Supp.2003).[3]

HRS § 431:10C–211(a) stated, in relevant part:

**Claimant's attorney's fees.** (a) A person making a claim for no-fault benefits *may be allowed* an award of a reasonable sum for attorney's fees, and reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, *unless* the court upon judicial proceeding or the commissioner upon administrative proceeding determines that the claim was unreasonable, fraudulent, excessive or frivolous. Reasonable attorney's fees, based upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

HRS § 431:10C–211(a) (1993) (emphases added). In contrast, HRS § 431:10C–304 provided, in relevant part:

**Obligation to pay no-fault benefits.** For purposes of this section, the term "no-fault insurer" includes no-fault self-insurers. Every no-fault insurer shall provide no-fault benefits for accidental harm as follows:

. . . .

(5) No part of no-fault benefits paid shall be applied in any manner as attorney's fees in the case of injury

---

**3.** Both of these statutory provisions are substantially identical today. The only substantive change to both provisions was made in 1997, when the legislature substituted the term "personal injury protection benefits" for "no-fault

benefits[.]" Hawaii Revised Statutes (HRS) §§ 431:10C–211(a) and 431:10C–304(5) (Supp. 2003); 1997 Hawaii Session Laws Act 251 §§ 34 and 41 at 533, 540. This change does not affect our analysis of the attorney's fees provision.

or death for which the benefits are paid. *The insurer shall pay, subject to section 431:10C–211, in addition to the no-fault benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all no-fault benefits found due under the contract.* Any contract in violation of this provision shall be illegal and unenforceable. It shall constitute an unlawful and unethical act for any attorney to solicit, enter into, or knowingly accept benefits under any contract.

HRS § 431:10C–304(5) (1993) (emphasis added).

The Hawai'i Supreme Court has instructed that in construing statutes,

> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. Finally, in determining the purpose of the statute, we are not limited to the words of the statute to discern the underlying policy which the legislature seeks to promulgate but may look to relevant legislative history.

*State v. Wells,* 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (citations and internal brackets, ellipsis, and quotation marks omitted).

Construing HRS §§ 431:10C–211(a) and 431:10C–304(5) according to the foregoing principles of statutory construction, we conclude, for the reasons that follow, that: (1) an award of attorney's fees and costs is mandatory if a claimant prevails in a settlement or suit for no-fault benefits; and (2) an award of attorney's fees and costs may, in the exercise of a court's or the Commissioner's discretion, be awarded to a nonprevailing claimant, as long as the claim is not determined to be unreasonable, fraudulent, excessive, or frivolous.

### 1. The Plain Language of the Statutes in Question

Pursuant to the plain language of HRS § 431:10C–211(a), reasonable attorney's fees *"may* be allowed" to a person "making a claim for no-fault. benefits[.]" HRS § 431:10C–211(a) (1993) (emphasis added). The Hawai'i Supreme Court has stated that "[t]he term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied; this is so at least when there is nothing in the wording, sense, or policy of the provision demanding an unusual interpretation." *State v. Kahawai,* 103 Hawai'i 462, 465, 83 P.3d 725, 728 (2004) (citations and internal quotation marks omitted).

HRS § 431:10C–211(a) says nothing about whether a claimant must prevail in order to be awarded attorney's fees and costs. However, HRS § 431:10C–211(a) requires that attorney's fees and costs be treated separately from the underlying no-fault benefits and paid by the insurer directly to the insured's attorney. Additionally, attorney's fees and costs awarded must be reasonable, based on actual time spent and *not* based on an unreasonable, excessive, frivolous, or fraudulent claim. HRS § 431:10C–211(a) (1993).

In contrast, HRS § 431:10C–304(5) clearly stated that, subject to HRS § 431:10C–211, the insurer *"shall pay ... in addition to the no-fault benefits due, all attorney's fees and costs of settlement or suit necessary to effect the payment of any or all no-fault benefits found due under the contract."* HRS § 431:10C–304(5) (1993) (emphases added). This provision speaks in compulsory terms. The Hawai'i Supreme Court has stated that

> where the verbs 'shall' and 'may' are used in the same statute, especially where they are used in close juxtaposition, we infer that the legislature realized the difference in meaning and intended that the verbs used should carry with them their ordinary meanings. Not surprisingly, we have therefore construed the close proximity of the contrasting verbs 'may' and 'shall' to require a *mandatory* effect for the term 'shall.'

*Gray v. Administrative Dir. of the Court,* 84 Hawai'i 138, 149, 931 P.2d 580, 591 (1997) (citations and internal brackets and quotation marks omitted).

Based on the plain mandatory language of HRS § 431:10C–304(5), in juxtaposition to the plain discretionary language of HRS § 431:10C–211(a), we conclude that an award of attorney's fees and costs to a claimant is mandatory if the claimant has "effect[ed] the payment of any or all no-fault benefits found due under the [no-fault insurance] contract." In other words, a claimant who has prevailed before the Commissioner or the circuit court in obtaining benefits that were previously denied by the insurance company is entitled to an award of attorney's fees and costs under HRS § 431:10C–304(5). Additionally, under HRS § 431:10C–211(a), a claimant who does not prevail on a claim for no-fault benefits may, but is not required to, be awarded attorney's fees and costs by the Commissioner or the circuit court.

The phrase "subject to section 431:10C–211" as found within HRS § 431:10C–304(5) does not change this result. To read this cross-reference as converting "shall" into "may" would render the plain language of HRS § 431:10C–304(5) ineffectual, and

> [i]t is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute.

*Coon*, 98 Hawai'i at 259, 47 P.3d at 374 (citations and internal quotation marks omitted).

Rather, the cross-reference to HRS § 431:10C–211 within the mandatory language of HRS § 431:10C–304(5) plainly applies to the *other* requirements that are set forth in HRS § 431:10C–211(a) with respect to the award of attorney's fees and costs. As noted above, these requirements include that the fees be reasonable, relate to the time spent, and not be based on a claim that is unreasonable, fraudulent, excessive, or frivolous. HRS § 431:10C–211(a) (1993). In addition, the attorney's fees must be "treated separately from the claim and be paid direct-

ly by the insurer to the attorney." *Id.* Contingency attorney's fees agreements are thus prohibited.

In this case, Iaea prevailed on his claim before the Commissioner by doubling the amount of no-fault insurance benefits that TIG had offered to pay him. He was therefore entitled, in light of the unambiguous language of HRS §§ 431:10C–211(a) and 431:10C–304(5), to an award of attorney's fees and costs by the Commissioner.

### 2. *The Legislative History of the Statutes*

The legislative history of the statutes supports our construction of their plain language. HRS §§ 431:10C–211(a) and 431:10C–304(5) had their genesis in a sweeping automobile insurance reform bill that was enacted into law as Act 203 in 1973. 1973 Haw. Sess. L. Act 203, pt. of § 1 at 384 and 397. As originally enacted, HRS § 431:10C–211 was codified at HRS § 294–30 (1976) and HRS § 431:10C–304 was codified at HRS § 294–4 (1976).[4] Both provisions were moved to HRS chapter 431 in 1987. 1987 Haw. Sess. L. vol. 2 Act 347, pt. of § 2 at 161 and 165.

The 1973 House Conference Committee Report on the original act noted:

> (8) Any dispute between an insurer and a policyholder which could not be resolved by negotiation could be resolved in an arbitration proceeding provided for in the bill, with the right to an appeal to the circuit court under chapter 658. *The attorney's fees of the policyholder are paid by the insurer and thus the insurance mechanism generally.* For example, if the insurer refused to pay a claim arguing that the policyholder was able to return to work, the policyholder could retain an attorney to pursue his claim for continued periodic benefits. *The policyholder's attorney would be compensated by the insurer whether the court supported the policyholder's claim or not* unless the arbitrator or court determined that such claim was fraudulent, frivolous, or excessive.

---

**4.** Although there have been small changes to both statutes since 1973, the current provisions

are, in all relevant respects, very similar to the original enactment.

Hse. Conf. Comm. Rep. No. 13, in 1973 House Journal, at 1221 (emphases added). The foregoing committee report indicates a legislative intent that all attorney's fees and costs incurred by a no-fault insurance claimant be paid by the claimant's insurer, whether the claimant was successful or not.

In 1983, HRS § 294–30 (now HRS § 431:10C–211) was amended by Act 261 to give the Insurance Commissioner, not just the courts, the authority to grant attorney's fees. 1983 Haw. Sess. L. Act 261, § 4 at 553. In commenting on the bill that became Act 261, the House and Senate Conference Committee Reports stated: "The purpose of thsi [sic] bill is to improve the operation and administration of the law relating to motor vehicle reparations *by ... allowing the insurance commissioner to award attorney's fees in no-fault administrative hearings* [.]" Hse. Conf. Comm. Rep. No. 4, in 1983 House Journal, at 770; Sen. Conf. Comm. Rep. No. 1, in 1983 Senate Journal, at 989 (emphasis added). This comment indicates that the legislature regarded the authority to award attorney's fees and costs that was vested in the Commissioner by HRS § 431:10C–211(a) as discretionary.

In 1985, the legislature amended HRS § 294–30 (now HRS § 431:10C–211) to clarify that reasonable attorney's fees are to be considered separately from the underlying benefits and to provide for recovery of attorney's fees and costs when the insured's own insurer files suit against the insured. 1985 Haw. Sess. L. Act 297, § 1 at 657.[5] In explaining the purpose of House Bill No. 558, which was signed into law as Act 297, the

House Consumer Protection and Commerce and Judiciary Committees noted as follows:

*This amendment furthers the original intent of section 294–30, that an insured no-fault claimant shall be reimbursed for costs and attorneys' fees incurred in conjunction with a lawsuit involving the interpretation of insurance coverage.*

Your Committees, upon further consideration, have amended page 1, line 8 of the bill by adding "by or" after the word "brought". *Your Committees find that this modification would further effectuate the purposes of this section by allowing the court, in its discretion to award the insured no-fault claimant reasonable costs and attorneys' fees when the insured no-fault claimant's own insurance company files suit against him or her. This modification would allow the court to award reasonable costs and attorneys' fees to the insured no-fault claimant in suits of no-fault coverage disputes, regardless of who happened to file suit first, the insured or the no-fault insurance company.*

Hse. Stand. Comm. Rep. No. 405, in 1985 House Journal, at 1175 (emphases added). The Senate Committee on Judiciary further reported on the bill as follows:

The purpose of this bill is to amend section 294–30(a), Hawaii Revised Statutes, to allow reasonable attorney's fees and costs from an insurance company to an insured claimant who has effected a tort recovery and is later sued by the insurer for subrogation. *It also permits reasonable attorney's fees to an insured claimant when the claimant's insurance company*

---

5. Act 297, 1985 Haw. Sess. L. at 657, amended HRS § 294–30 to read as follows:

§ **294–30 Claimant's attorney's fees.** (a) A person making a claim for no-fault benefits may be allowed an award of a reasonable sum for attorney's [fee] fees, [based upon actual time expended, which shall be treated separately from the claim and be paid directly by the insurer to the attorney,] and [all] reasonable costs of suit in an action brought by or against an insurer who denies all or part of a claim for benefits under the policy, unless the court or the commissioner, upon judicial or administrative proceedings, respectively, determines that the claim was fraudulent, excessive, or frivolous. Reasonable attorney's fees, based

upon actual time expended, shall be treated separately from the claim and be paid directly by the insurer to the attorney.

(b) A person who has effected a tort recovery, whether by suit or settlement, and who is sued by the insurer to recover fifty per cent of the no-fault benefits paid, may be allowed reasonable attorney's fees and reasonable costs of suit.

[ (b) ] (c) A person suing in tort, as permitted under this chapter, may enter into any arrangement with an attorney.

1985 Haw. Sess. L. Act 297, § 1 at 657–58 (repealed statutory material bracketed and new statutory material underscored).

*denies the claim and files suit against the claimant.*

*Section 294–30 attempts to equalize the inequitable situation which occurs when no-fault insurance benefits are denied by the insurance company. In most instances, the insured is a person with a moderate income and without the means to afford an attorney. Allowing the insured to recover attorney's fees and costs will better assure that the claimant will be able to protect his [or her] rights.*

Sen. Stand. Comm. Rep. No. 934, in 1985 Senate Journal, at 1312 (emphasis added).

The legislative history of the two statutes thus reflects a clear legislative purpose to authorize payment of an insured's attorney's fees and costs in order to level the playing field between an insured and an insurer, which typically has greater resources to defend against an insured's claim. The legislative history does not specifically distinguish between the two sections in discussing their purposes, but committee reports explaining amendments to HRS § 294–30 (now HRS § 431:10C–211) seem to recognize that the courts and the Commissioner may award a claimant attorney's fees and costs even if the claimant does not prevail.

### 3. *Prior Case Law*

In 1980, this court discussed the predecessor provisions to HRS §§ 431:10C–211(a) and 431:10C–304(5) and concluded, as we do, that the statutes provided for two distinct sources of authority for attorney's fees:

This is a case of first impression in this state involving a novel provision with respect to the awarding of attorney's fees in no-fault insurance claims. A similar enactment has not been made by any of the states that have adopted various forms of no-fault insurance laws. Read in conjunction with HRS § 294–4(3) [ (now HRS § 431:10C–304(5)) ], which provides, *inter alia*, for the mandatory payment of a claimant's attorney's fee where a claim is denied and suit is successfully brought to enforce it, it seems clear to us that under HRS § 294–30 [ (now HRS § 431:10C–211) ] the trial court judge has the discretion to award attorney's fees and costs to a

losing claimant who files for no-fault insurance benefits unless it is determined by the trial court judge that the claim filed is fraudulent, frivolous or excessive.

*Kawaihae v. Hawaiian Ins. Cos.*, 1 Haw. App. 355, 358–59, 619 P.2d 1086, 1089–90 (1980) (footnote omitted).

The Hawai'i Supreme Court has also noted that "HRS § 294–4(5) (1985) [ (now HRS § 431:10C–304(5)) ] mandates that the insurer shall pay, subject to section 294–30 [ (now HRS § 431:10C–211) ], *in addition to no-fault benefits due*, all attorney's fees and costs of settlement or suits, necessary to effect the payment of any or all no-fault benefits found due under the contract." *Carrier v. Hawaii Ins. Guar. Ass'n*, 68 Haw. 545, 548, 721 P.2d 1236, 1238 (1986) (internal brackets and quotation marks omitted). In *Wong v. Hawaiian Ins. Cos.*, 64 Haw. 189, 637 P.2d 1144 (1981), the Hawai'i Supreme Court noted that under HRS § 294–30(a) [ (now HRS § 431:10C–211(a)) ] "the trial court has discretion to award attorney's fees and costs to a claimant, and the decision to award and the decision as to the amount to be paid will not be set aside unless there is an abuse of discretion." *Id.* at 192, 637 P.2d at 1146 (citations omitted). The supreme court found no abuse of discretion in the trial court's award of attorney's fees and costs to the plaintiff, who had sued for loss of business profits under her no-fault policy after she closed her business to care for her son, who had been injured in an accident while a passenger in a car insured under the policy of and driven by plaintiff's husband. *Id.* at 192, 637 P.2d at 1146.

### CONCLUSION

In summary, HRS § 431:10C–304(5) mandates the award of attorney's fees and costs for successful claimants for no-fault benefits, while HRS § 431:10C–211(a) provides discretion to award attorney's fees and costs even if the claimant is unsuccessful.

Because Iaea prevailed before the Commissioner to the extent that he increased his no-fault benefits from ten percent to twenty percent, he must be granted reasonable attorney's fees and costs. Reasonable attor-

ney's fees shall be fully covered, since our supreme court has stated that HRS § 294–30(a), the predecessor to HRS § 431:10C–211(a),

> provides for the award of reasonable attorney's fees. There is no authorization, in a situation in which a no-fault carrier resists payment, for the trial court to reduce reasonable attorney's fees because, as here, the question of coverage was a difficult or close one. We therefore ... order ... the circuit court to enter a judgment allowing appellee his full reasonable attorney's fees.

*Ganiron v. Hawaii Ins. Guar. Ass'n,* 69 Haw. 432, 436, 744 P.2d 1210, 1212–13 (1987).

Accordingly, we vacate those parts of the November 23, 2001 Judgment and order of the circuit court that affirmed the part of the June 25, 2001 Commissioner's Final Order that denied Iaea attorney's fees and costs and remand this case to the circuit court, with instructions that the circuit court remand this case to the Commissioner for a determination, consistent with this opinion, of a reasonable attorney's fees and costs award to Iaea. In all other respects, the circuit court's Judgment and order and the Commissioner's Final Order are affirmed.

Concurring Opinion by FOLEY, J.

I concur. Iaea prevailed before the Insurance Commissioner by doubling the amount of no-fault insurance benefits he was to receive from TIG. Clearly, it was an abuse of discretion to deny Iaea reasonable attorney's fees and costs under Hawaii Revised Statutes § 431:10C–211(a) given Iaea's success and the absence of any reasoned denial. *Wong v. Hawaiian Ins. Cos.,* 64 Haw. 189, 192, 637 P.2d 1144, 1146 (1981).